## WOODWARD, ADM'R, v. SMITH.

1. A father sells a tract of land, the title to which is in the name of his son; the son, after some conversation, aside, with his father, makes a conveyance to the purchaser, who executes notes to the father for the price agreed on. The son, after these notes are paid, sues his father's administrator to recover the sum thus received for the tract of land so sold and conveyed: *Held*—that this was not a contract or agreement for the sale of lands within the statute of frauds.

Writ of error to the Circuit Court of Pickens.

Assumpsit by Smith against Woodward, as administrator of Joseph Smith, for money had and received.

It appeared at the trial that Joseph Smith, the defendant's intestate, in his lifetime, sold to one Owen, three eighty acre tracts of land, for 18 37-100 dollars per acre. When the conveyance of these lands was to be made, the ·purchaser discovered that the title to one of the tracts was in the name of the plaintiff, who was a son of the vendor. The purchaser was unwilling to accept a deed from the vendor, and insisted on having one from the plaintiff. After some conversation aside with his father, the son executed a deed to the purchaser for this tract of land, and the notes for the entire purchase money were then executed and delivered by the purchaser to the father, without any objection on the part of the son; the father remarked at the time, that John ought to let him have the notes, as he had debts to pay, and the main part of all he had was for his son any how. With a portion of the notes so received the father paid his debts; another portion he collected in cash; and the remainder of 600 dollars was paid to his administrator. There was no note or memorandum in writing executed by the father to the son, with reference to the land in question.

On this state of proof, the defendant asked the Court to instruct the jury that they could not find for the plaintiff, unless there was a promise or agreement, or some memorandum in writing, binding the defendant's intestate to pay the plaintiff for the land. This was refused, and the defendant having excepted, now assigns this refusal as error.

Woodward, Adm'r, v. Smith.

L. Clark, for the plaintiff in error.

J. B. Clarke, contra—cited Miller v. Irwin, 1 Dev. & Bat. 103; Cody v. Caldwell, 5 Day, 16; 9 Mass 510; 2 Ib. 540; 17 Ib. 258; Lewis v. Grimes, 7 J. J. Marsh, 336; 6 Dana, 337; Bliss v. Thompson, 4 Mass. 488.

GOLDTHWAITE, J.—We do not see upon what reason this case can be brought within the statute of frauds as a contract or agreement for the sale of lands. The son at the request of the father, conveys land to a third person, to whom the father had sold it, and consents that he may receive the notes given for the price. Under these circumstances, there must have been either a trust on the land for the benefit of the father or a gift of it by the son; or the father must have received the money on the notes to the use of the son. It is supposed, however that no assumpsit can be raised, inasmuch as the promise is not in writing; but in Lamar v. Price, 2 Bing. 437, it was held, where an oral bargain for the purchase of land had been transferred to a third person, and a conveyance afterwards made to his nominee, that he was liable to pay the sum agreed on, although the original contract, not being in writing, could not be enforced. In that case the contract with the third person was in writing, but this fact is of no importance, as the contract was executed by the conveyance of the land to his nominee. In Griffith v. Young, 12 East. 513, a tenant agreed with his landlady, that if she would accept another for her tenant in his place, (he being restrained from assigning the lease without her consent,) he would pay her a certain sum of money out of a larger sum which he was to receive; and it was held he was liable on this agreement, although it was not in writing, the contract having been executed. Indeed we cannot perceive any sound distinction between a conveyance to the bargainee of land, and a conveyance to one at his nomination; and we have heretofore held that assumpsit might be brought when a deed had been executed and accepted, although the contract of purchase was oral only; and such is the settled law in Kinlock & Lewis v. Graves, 7 J. J. Marsh 336.

We are informed only of one of the questions before the

jury, but they probably inferred a promise to pay as soon as the proceeds of the notes given for the land should be realized We are not authorized to disturb the verdict on the exception taken. Judgment affirmed.