ANTHONY BRACKETT & another *vs.* FRANKLIN EVANS.

Where the declaration alleged, that the defendant, in consideration that the plaintiff would sell and convey to him five dwelling-houses, &c., promised to pay the taxes that were or should be assessed thereon for the current year; and the proof showed, that the payment of the taxes was not the whole consideration of the conveyance : — it was held, that there was no variance.

Where the purchaser of real estate promised the seller to pay the taxes thereon for the current year, and, on being notified of the assessment, neglected to pay the same, and the seller thereupon himself paid the taxes; the latter was held to be entitled to recover the amount so paid without a previous demand.

A promise by the purchaser of real estate, at the time of the conveyance, to pay the taxes that are or may be assessed thereon, for the current year, is not " a contract for the sale of lands, &c., or of any interest in or concerning the same," within the meaning of the Rev. Sts. *c.* 74, § 1.

A conveyance of real estate cannot be proved by oral testimony without first giving a sufficient reason for not producing the deed.

THIS action was brought to recover the sum of fifty-five dollars and sixty cents, being the amount of taxes, for the year 1845, on certain real estate belonging to the defendant, which sum had been paid by the plaintiffs, under the following circumstances.

The plaintiffs, being the owners of five brick dwelling-houses, in Boston, sold and conveyed the same to the defendant, in June, 1845 ; and, as a part of the consideration for the conveyance, the defendant agreed to pay the taxes which should be assessed thereon, as of the first of May, 1845.   It was proposed, at the time the agreement was made, that it should be inserted in the deeds of conveyance, but the defendant objected, saying, that his word was good and

adding, "here is a witness that I agree to pay them." When the taxes were assessed, the defendant was called upon to pay them; but he did not do so, and they were paid by the plaintiffs; who, thereupon, but without any previous demand upon the defendant, commenced this action to recover the amount.

The declaration contained a general count, alleging the indebtedness of the defendant to the plaintiffs in the sum above mentioned, as and for so much money, paid, laid out, and expended by them for his use; and also a special count, stating that the defendant, in consideration that the plaintiffs would sell and convey to the defendant five brick dwelling-houses, with the land thereto belonging, the defendant promised to pay the taxes which were or should be assessed thereon, for the year 1845, and that the plaintiffs did execute and deliver deeds accordingly, yet that the defendant had not paid the same, &c.

On the trial, in the court of common pleas, before *Colby*, J., evidence having been given of the facts above stated, the defendant objected, 1, that there was no other than parol evidence of the conveyance of the houses, and, in fact, no other was given; 2, that the contract proved so far related to an interest in real estate, that it was within the statute of frauds; 3, that there was a variance between the declaration and the proof, in reference to the consideration alleged for the promise; and 4, that the plaintiffs after payment of the taxes should have proved a demand thereof of the defendant before commencing this action. These objections being overruled by the judge, the jury returned a verdict for the plaintiffs and the defendant filed exceptions.

*E. A. Dana*, for the defendant. 1. A conveyance of real estate can only be proved by the production of the deed by which it is made, where the deed is in existence, and within the power of the party to produce; and, therefore, parol evidence is inadmissible to prove such a conveyance, without first accounting for the non-production of the deed.

2. The contract was within the statute of frauds, (Rev. Sts.

c. 74, § 1,) as a contract for the sale of lands, &c., or of some interest in or concerning lands, and, therefore, should have been in writing. *Dillingham* v. *Runnels*, 4 Mass. 400; *Pitts* v. *Waugh & another*, 4 Mass. 424; *Davenport* v. *Mason*, 15 Mass. 85; *Boyd* v. *Stone*, 11 Mass. 342; *Buttemere* v. *Hays*, 5 Meeson & Wels. 456; *Howard* v. *Eaton*, 7 Johns. 205; *Wilkinson* v. *Scott*, 17 Mass. 249; *Pomeroy* v. *Winship*, 12 Mass. 514; *Adams* v. *Townsend*, 1 Met. 483; *Kidder* v. *Hunt*, 1 Pick. 328; Chitty on Cont. 366, note.

3. This action can only be sustained upon the special count; 1 Chitty on P. 271; *Spencer* v. *Parry*, 1 Ad. & Ell. 331; and there is a variance between that count and the proof, as to the statement of the consideration for the conveyance of the land.

4. A previous demand was necessary, after payment of the taxes by the defendant, to enable him to maintain this action.

*J. Field*, for the plaintiffs, argued, 1, that the defendant did not undertake to prove any thing in the deeds by parol evidence, but only that the deeds were delivered; 2, that the contract did not relate to or concern lands, or any interest therein, but was a mere agreement to pay the taxes which might be assessed on the same. *Weld* v. *Nicholls*, 17 Pick. 538.

METCALF, J. 1. There is no ground for the objection of variance between the allegation and the proof of the consideration of the defendant's promise. The special count avers that the defendant, in consideration that the plaintiff would sell and convey to him five dwelling-houses, with the land thereto belonging, promised to pay the taxes that were or should be assessed thereon for the year 1845. The alleged variance is, that the proof showed that the payment of the taxes was not the whole consideration of the conveyance of the houses. But the consideration of the plaintiff's conveyance was not the same thing as the consideration of the defendant's promise.

2. As the defendant promised to do a certain act, and failed to do it he became liable to an action for a breach of

his promise, without any previous demand on him.   *Lent* v. *Padelford*, 10 Mass. 230.

3. The statute of frauds furnishes no defence to this action.   A promise to pay the taxes, that are or may be assessed on real estate, is not a "contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning the same," within the meaning of the Rev. Sts. c. 74, § 1.   *Price* v. *Leyburn*, Gow, 109 ; *Lowe* v. *Winters*, 5 Cow. 263 ; *Owen* v. *Estes*, 5 Mass. 330 ; *Weld* v. *Nichols*, 17 Pick. 538.   Besides; the contract is executed by the plaintiff, and the defendant has received a conveyance of the houses, on the faith of his promise to pay the taxes thereon, so that the statute would not avail him, if his promise had originally been within it.   A party who receives a grant of land, on his promise to pay for it, cannot avoid payment by showing that his promise was not in writing.   *Pomeroy* v. *Winship*, 12 Mass. 523 ; *Bowers* v. *Bell*, 20 Johns. 338 ; *Baxter* v. *Gay*, 14 Connect. 119 ; *Gray* v. *Hill*, Ry. & Mood. 420 ; Gow, *ubi sup.* ; Addison on Contracts, 94, and cases there cited.

4. The other exception is sustained.   The conveyance of the houses to the defendant could not legally be proved by oral testimony, unless the defendant, after notice to produce the deed, had refused to do so.   On this ground alone a new trial is granted.