### RANSFORD ROOT *vs.* LYMAN BURT.

Hampden.    Sept. 28. — Oct. 23, 1875.    AMES & DEVENS, JJ., absent.

A declaration alleged that the plaintiff sold land to the defendant, the defendant agreeing to give in part payment therefor a promissory note signed by a third person, which the defendant agreed to guarantee; that the defendant did not do as he agreed respecting the note, but refused so to do; and that the defendant owed the plaintiff a certain sum as part payment for said land. *Held,* that the action was for the recovery of the price of land sold and conveyed, and that it could be maintained, notwithstanding the statute of frauds, it appearing in evidence that the land was conveyed to the defendant, who paid part of the consideration in cash, and, instead of giving a note with a guaranty, as agreed, for the rest, gave a note indorsed by him "without recourse," which the plaintiff, whose eyesight was defective, read "without reserve," and that the plaintiff, on discovering the mistake, tendered back the note, but did not tender the money. *Held, also,* that the question whether the plaintiff had received the note, with the indorsement as it was written, in full satisfaction of the price of the land, was a question of fact for the jury.

CONTRACT. The second count of the declaration was as follows: "The plaintiff says he sold certain real estate to the defendant, and the defendant agreed to pay in part therefor by giving him two promissory notes of $100 each, signed by Thomas J. Pomeroy, and which the defendant agreed to guarantee and make himself liable therefor; but the defendant did not do as he agreed respecting said notes, but refused so to do, and the plaintiff says the defendant owes him $218.10 as part pay for said real estate." Answer: 1st, a general denial; 2d, the statute of frauds.

At the trial in the Superior Court, before *Brigham,* C. J., the plaintiff introduced evidence tending to show, that in April, 1872, the defendant desired to purchase of him certain land, the price of which was $300; that the defendant agreed to the price,

but wanted the plaintiff to take in part payment two notes of
$100 each, signed by Thomas J. Pomeroy, and payable on de-
mand to the defendant.   The plaintiff declined to take the notes,
and told the defendant he was acquainted with Pomeroy, the
maker, and did not consider him good, and he would not give a
cent for them, but that if he would back them up all right and
strong, and make them good, he would take them, and he said he
would ; that a day or two afterward he brought the notes to the
plaintiff in the condition they now are, (one note was indorsed
by the defendant " without resource," and the other " without
recourse,") and the plaintiff took them in his hands, and had the
opportunity to read them ; that the plaintiff first read the in-
dorsement on the first note aloud to the defendant, as follows,
and supposed he was reading it correctly, " Pay Ransford Root,
or order, without reserve.   Lyman Burt ; " that he glanced at
the other note, and being partially blind, did not read the corre-
sponding indorsement on it, but thought they were both alike ;
that when he read the indorsement aloud to the defendant, " with-
out reserve," the defendant said nothing, and the plaintiff said,
" That 's a queer indorsement, I should think ; I am to have a
thorough indorsement by you," and objected to it, but the de-
fendant said, " It 's all right," and thereupon the plaintiff, sup-
posing they were indorsed as the defendant had agreed, and that
the defendant had made himself liable ; and so supposing, partly
from the writing itself, and partly from the defendant's agree-
ment, and more from the writing than the agreement, and not
having read the writing, " without recourse," accepted the notes
for the face thereof, and the defendant paid him $100 in cash,
and he gave the defendant the deed ; that he did not again look
at the notes till April, 1873, when he demanded payment of
Pomeroy, and, on his refusal, demanded payment of the defend-
ant, who also refused ; that as soon as the plaintiff ascertained
that the notes were not indorsed according to the agreement, he
tendered them to the defendant, who refused to receive them.
The plaintiff did not tender the money received.

There was also evidence that, some time after the transaction,
the defendant, in conversation with the witness, alluding to some
difficulty he had had with the plaintiff, said " he guessed Root
would n't make much out of it by the time he got his pay or

those notes;" that he had given him two notes of Pomeroy's, indorsed "without recourse." The witness asked him if Root knew they were indorsed "without recourse," and the defendant smiled and said, "I don't know; I did n't tell him."

Upon this evidence, the judge ruled that upon the pleadings the plaintiff could not maintain his action, ordered a verdict for the defendant, and reported the case for the determination of this court.

*H. B. Stevens*, for the plaintiff.

*G. M. Stearns*, for the defendant.

WELLS, J. This action, in its second count, is for the recovery of the price of real estate sold and conveyed. As a contract for the sale of lands, it is taken out of the statute of frauds by the conveyance executed by the plaintiff and accepted by the defendant. *Wetherbee* v. *Potter*, 99 Mass. 354, 362, and cases cited.

The count sets forth an agreement by which the price of the land was to be paid in part by two notes of a third party, which the defendant agreed to guarantee. That agreement also was within the statute of frauds as a "special promise to answer for the debt" of another. Gen. Sts. *c.* 105, § 1, *cl.* 2. But the action in this count is not brought upon that agreement. It alleges that the defendant refused to perform it on his part, and therefore that the plaintiff is entitled to recover, and the defendant owes him the balance of the price of the land. This is in accordance with a well recognized rule, of very general application, that when one has advanced the consideration, or any part of it, upon a contract within the statute of frauds, and the other refuses to perform his agreement, the first, having no remedy upon the contract itself, may recover back the consideration paid. *Cook* v. *Doggett*, 2 Allen, 439. And, if the consideration was in land conveyed, an action will lie upon the implied promise to pay its price or value. *Basford* v. *Pearson*, 9 Allen, 387, 390, and cases cited. *Dix* v. *Marcy*, 116 Mass. 416.

The refusal of the other party to perform his voidable agreement is equivalent to and may be taken as an avoidance of it. The plaintiff then stands as if no such agreement had been made. He cannot be required to accept the notes without the defendant's guaranty, in payment for the land, because he has not

agreed to do so. The defendant cannot insist that the price has been paid, because he has not furnished that which the plaintiff had agreed to accept as payment, or instead of payment.

The only rescission required, to enable the plaintiff to recover, is of the subordinate agreement in relation to the mode of payment of a part of the price. The principal contract of sale is not affected by the rescission or avoidance of this subordinate agreement.

There was no reason in law, therefore, why the plaintiff might not recover upon the pleadings in the case. The question whether he had accepted the notes, with the indorsements as they were written upon them, in full satisfaction for the price of the land, was one of fact, and should have been submitted to the jury. The verdict for the defendant, having been ordered by the court, must be                                   *Set aside.*