MICHAEL H. MURRAY v. ELIZABETH SCHULDT.

Submitted March 24, 1906—Decided June 11, 1906.

Where land has been actually conveyed, the vendor may recover an unpaid portion of the purchase price, although there was no written agreement by the vendee to pay. The statute of frauds is not applicable.

On appeal from First District Court of Newark.

The following is the state of the case as prepared by the judge of the District Court:

"On March 4th, 1904, the plaintiff conveyed by deed of bargain and sale to the defendant certain lands and premises in the city of Newark, described in the state of demand. The consideration recited in the said deed was '$1 and other valuable considerations, lawful money of the United States.' There was no written agreement for the sale of the land described in the deed. At the time of the delivery of the deed $150 was paid by the defendant to the plaintiff. The plaintiff offered to prove and testimony was received to show that the agreed purchase price was $350, and that only $150 had actually been paid.

"In considering the case, I decided that this evidence could not be properly received under the statute of frauds, and I therefore struck it out.

"Judgment was entered in favor of the defendant."

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *Alfred M. Simon.*

The opinion of the court was delivered by

SWAYZE, J. The judgment in this case must be reversed. The error of the trial judge was in failing to observe the dis-

tinction between an express contract and an implied contract. The property having been conveyed to the defendant, the plaintiff's action was not upon the express contract of sale, but upon the debt which arose upon the conveyance.

The precise question does not seem to have arisen in our courts, but the principle is well recognized. In *Smith* v. *Smith's Administrators*, 4 *Dutcher* 208, Chief Justice Green said: "The principle seems to be perfectly well settled, and is sustained by very numerous authorities, that where a party to an agreement void by the statute of frauds fails to execute it, the price advanced, or the value of the article delivered in part performance of the contract, whether in money, labor or chattels, may be recovered back."

In an action for services performed under a contract invalid by the statute, the plaintiff can only recover upon a *quantum meruit* the value of the services rendered. *McElroy* v. *Ludlum*, 5 *Stew. Eq.* 828. In that case the court left it undetermined whether the price agreed upon was admissible in evidence either as the amount recoverable or as an admission of the value of the services.

We see no reason why the principle stated by Chief Justice Green to be applicable to the case of labor or chattels is not applicable also where land has been conveyed. Nor do we see any difficulty in holding that the debt implied from the conveyance is the purchase price agreed upon.

Cases quite similar to the present have arisen in Massachusetts. *Wilkinson* v. *Scott*, 17 *Mass.* 249; *Brackett* v. *Evans*, 1 *Cush.* 79; *Nutting* v. *Dickinson*, 8 *Allen* 540; *Root* v. *Burt*, 118 *Mass.* 521.

No difficulty arises because the consideration of the deed is stated to be "$1 and other valuable considerations, lawful money." *Herbert* v. *Scofield*, 1 *Stock.* 492; *Adams* v. *Hudson County Bank*, 2 *Id.* 535; *Silvers* v. *Potter*, 3 *Dick. Ch. Rep.* 539.

The judgment must be reversed and the record remitted for a new trial.