FOSTER F. BIRCH, APPELLANT, v. WILLIAM H. BAKER, THOMAS BAKER, ANDREW K. BAKER, WILLIAM F. BIRCH AND GEORGE PIERSON, RESPONDENTS.

Submitted December 8, 1913—Decided March 16, 1914.

Where a written contract for the sale of land is executed by delivery and acceptance of a conveyance passing the title, a previous oral promise to pay the consideration, whether the conveyance be to the promisor or to his nominee, is not within the statute of frauds, for the consideration of the promise is executed, and the law implies a debt recoverable in *assumpsit* when there has been a previous request by the defendant to convey to him or his nominee coupled with circumstances showing that both parties expected that the plaintiff would be recompensed for complying with such request, and the action is not limited to cases where money alone has been expended, but extends to those where money, securities and land have been parted with on a previous express request. Such promise is taken out of the statute of frauds by an executed and accepted conveyance, for it is an *assumpsit* to pay for land and not a contract for the sale of land.

On appeal from the Supreme Court.

For the appellant, *King & Vogt.*

For the respondents, *Benjamin W. Ellicott* and *Willard W. Cutler.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff and the five defendants, being residents of the town of Dover, were interested in procuring the Sims-Kent Company to locate there a manufacturing plant, and to accomplish this entered into negotiations with the company, which resulted in a written agreement between the plaintiff and the defendants as joint contractors, and the company, in which the plaintiff and the defendants agreed "to secure and convey to said company in fee-simple the title of said land and premises from the said Foster F. Birch," the premises being a tract of land in Dover belonging to the

plaintiff. In consideration of this conveyance, to be without cost to it, the Sims-Kent Company agreed to erect its factory on the lands. The plaintiff subsequently conveyed the land to the company and it erected thereon its factory. The plaintiff claiming that the defendants, to induce him to make the conveyance to the Sims-Kent Company according to their contract, promised orally to pay him $2,000 of the consideration price, and upon their refusal to pay brought his suit against the defendants on their oral promise. There was evidence from which it could be inferred that the defendants, to induce plaintiff to enter into the contract and subsequently convey the land to the Sims-Kent Company, promised to pay him $2,000.

The trial court ordered a judgment of nonsuit from which plaintiff appeals, and the defendants now seek to sustain the nonsuit upon the ground that the oral promise was one concerning the sale of lands and, not being in writing, void under the statute for the prevention of frauds and perjuries (*Comp. Stat., p.* 2610), section 5 of which prohibits an action to charge any person "upon any contract or sale of lands, tenements or hereditaments, or any interest in, or concerning them," unless the agreement be in writing signed by the person charged.

This case was before the Supreme Court on a rule to show cause, where it was held that such a promise was within the statute (50 *Vroom* 10), and on the second trial, the judge at Circuit following the judgment of the Supreme Court, ordered the nonsuit. The plaintiff having appealed from the judgment of nonsuit, the question presented is whether a promise, not in writing, to pay the owner of lands an agreed consideration if he convey the land to one in performance of a written contract by the promisor to secure such conveyance, and the owner does convey as requested, relying upon such promise, is enforceable as not being barred by the statute of frauds.

That a vendor may recover in *assumpsit* upon an oral promise by the vendee to pay the consideration agreed upon for land conveyed, and that such promise is not within the

statute, has the sanction both of legal reasoning and adjudged cases. It was so held by the Supreme Court of this state in *Murray* v. *Schuldt,* 44 *Vroom* 489, where the court said, "that the property having been conveyed to the defendant, the plaintiff's action was not upon the express contract of sale, but upon the debt which arose upon the conveyance," and that such promise was not within the statute.

So in *Spengeman* v. *Palestine Building Association,* 31 *Vroom* 357, where the prosecutor, who was vendor's broker, induced the defendant in *certiorari,* the plaintiff below, to purchase real estate upon his oral promise that he would allow plaintiff his commission as broker in reduction of the purchase price, and after conveyance and payment of the purchase price, the prosecutor having collected the commission from the vendor, refused to carry out his promise, and being sued set up, among other defences, that his promise was a contract for "sale of lands, or an interest in or concerning them," and not enforceable because of the statute. In sustaining plaintiff's right to recover, Mr. Justice Dixon said: "The present action, according to our view, is maintained not upon the express agreement, but to enforce an implied obligation arising in part from what the plaintiff did under the influence of that agreement."

In *Bolles* v. *Beach,* 2 *Zab.* 680, Beach agreed in writing to sell a tract of land to two persons or their assigns who were to associate themselves with others and form a company to dispose of it in parcels at public auction, Beach to make conveyances to such persons as the so-called company might require, and upon their request he conveyed a portion to Bolles subject to a mortgage previously given by Beach, the amount of which was allowed to Bolles by the company when they collected the consideration from him, and in the settlement with Beach deducted from the price it had agreed to pay, the amount allowed Bolles, he having orally agreed to pay the mortgage. There was no contract for sale between the actual parties to the deed. The only written contract with the vendee, prior to the delivery of the deed, was the conditions of the sale made by the company which was carried out by the

deed from Beach to their nominee, Bolles. The deed acknowledged payment of the consideration without reference to the mortgage, or written assumption of its payment, and the vendee refusing to pay the mortgage, Beach being obligated on his bond it was given to secure, was compelled to take care of the mortgage, and then brought his suit in *assumpsit* against Bolles to recover the sum "in part payment of the consideration money of the deed of conveyance."

The defence set up was that Beach was estopped by the recitals in his deed to deny payment of the consideration, and that the agreement not being in writing was void under the statute of frauds. This court held, on error, that the evidence of the agreement did not affect the operation of the deed, but only the character and extent of the payment of the consideration and was therefore not within the statute, and that the acknowledgment of payment of the consideration, while it could not be denied by the grantor for the purpose of destroying the effect and operation of the deed, it could be for the purpose of recovering the consideration money, and further that although the consideration when paid became so much paid for the account of "the committee of speculators," yet as it was to be paid to Beach as purchase money, he was the party in interest and entitled to sue. As there was no proof of any agreement by the vendee with the vendor to pay the consideration price, it would seem that the right of recovery was based either upon the promise of Bolles to pay the committee, or upon an implied promise to pay the vendor, upon conveyance, but in any event the committee, or the two contracting purchasers, were bound to pay the consideration to Beach when he conveyed to their nominee upon request, and the action affirmed simply avoided circuity of action if based upon their contract with Bolles to appropriate the consideration money left in his hands for the discharge of the mortgage.

While this case is not precisely like the one under review, it recognizes the principle that the consideration for lands conveyed may be recovered by the grantor from the vendee, without a previous written contract between them, and also

that the promise to pay the consideration is not within the statute of frauds as a sale of land or of an interest therein.

In *Brackett* v. *Evans, 55 Mass.* 79, it was held that "a party who receives a grant of land on his promise to pay for it, cannot avoid payment by showing the promise was not in writing."

In *Bowen* v. *Bell, 20 Johns. (N. Y.)* 338, the parties owned a tract of land as tenants in common, one four-sixths and the other two-sixths, which they agreed to divide equally, one party to pay the other one-sixth. The conveyances were made, but the promisor refused to pay for the one-sixth, for which the promisee brought suit in *assumpsit.* Proof of the promise to pay was objected to upon the ground that it was within the statute of frauds, but the Supreme Court held against this contention, for the reason that "this action is not on a contract for sale of lands, or any interest in lands. The law raises a promise to pay, and in such case it is not within the statute of frauds, although it be raised from an agreement concerning an interest in lands," citing *Shephard* v. *Little, 14 Id.* 210, where it is held that *assumpsit* will lie to recover the consideration for lands sold and conveyed.

In *Wetherbee* v. *Potter, 99 Mass.* 354, two of four purchasers of real estate agreed to furnish the consideration price, and the two agreed that one should pay the entire sum upon the promise of the other that he would reimburse him to the extent of one-half of the cost. In an action in *assumpsit* for the one-half of the cost, the defendant set up the statute of frauds. The court held that although the money was advanced for the purpose of purchasing real estate and upon an oral agreement to that effect, it is not of itself a contract for the sale of land, and if the money be in effect advanced before the request is revoked, an action upon such promise is not forbidden by the statute.

And also in *Root* v. *Burt, 118 Mass.* 521, it was held in a suit to recover the price of land sold and conveyed that as a contract for the sale of lands it is taken out of the statute by an executed and accepted conveyance.

In *Lewis* v. *Grimes, 30 Ky. (7 J. J. Marsh.)* 336, the action was in *assumpsit* to recover part of the consideration promised by defendant, and the court held: "An *assumpsit* to pay for land is not a contract for the sale of land. Neither the letter, policy nor object of the statute of frauds and perjuries should be deemed to embrace or apply to a promise, expressed or implied, to pay for land which the vendor has conveyed or covenanted to convey, * * * surely a conveyance of land or a covenant to convey land would be a legal and sufficient consideration for a binding promise to pay its actual or conventional value." A right of action to recover the consideration of land already conveyed, based upon an oral promise, is also declared in *Thayer* v. *Viles et al.,* 23 Vt. 494.

In the case under review the defendants had in writing contracted to "secure and convey to said company in fee-simple" land the title to which was vested in the plaintiff. This was a binding contract which the defendants fulfilled by inducing plaintiff to convey, upon their oral promise to pay him a portion of the consideration money. He, relying upon that promise, parted with his land to the party the defendants had contracted with, thus completing for them the sale they had in writing agreed to secure, and thereby relieving them from their obligation to the vendee concerning the sale of the land or of any interest therein, which is a sufficient and legal consideration for their promise. Having by their promise to plaintiff been enabled to fulfill their written obligation, binding under the statute, it would further the perpetration of a fraud of most flagrant character to allow the defendants to escape carrying out their bargain with the landowner, and this ought not to be permitted, unless their promise is barred by the statute, and we think it is not. If the conveyance had been made to the defendants their promise, although oral, to pay the consideration would not be within the statute, and their legal obligation to the vendor is not altered because he conveys to their nominee instead of to them, for they get a benefit from the conveyance in either event, and it is illogical to argue that what the plaintiff did

for the defendants at their request, was not a performance of their contract by the plaintiff who advanced his land for their exoneration. Whether it was money or land which they had contracted to supply, and which the plaintiff supplied for them, is of no consequence, for as was well said by Chief Justice Hornblower in *Cook* v. *Linn, 4 Harr.* 11, whenever the plaintiff has discharged an obligation of the defendant "to any other person by applying his own money, goods, chattels, securities or land to such discharge, he may recover the amount so paid or satisfied, in an action of general *indebitatus assumpsit* for money paid."

In *Woodward, Admr.,* v. *Smith, 7 Ala.* 112, S. agreed with O. to sell him a tract of land, but when the conveyance was about to be made it was discovered that the title to a part of the tract was in the vendor's son, who at his father's request conveyed his tract to O. In a suit for money had and received by the son to recover compensation from his father's estate for the land conveyed at his father's request, it was held that the promise of the father to pay the son was not within the statute. "Indeed we cannot perceive any sound distinction between a conveyance to the bargainee of land and a conveyance to one at his nomination, and we have heretofore held that *assumpsit* might be brought when a deed had been executed and accepted, although the contract of purchase was oral only."

To the same effect is *Follmer* v. *Dale, 9 Pa. St.* 83, where Dale conveyed to one Garman in consideration of the oral promise of Follmer that he would pay the consideration if conveyance was made to Garman. The deed was made, Garman entered into possession, and Dale brought suit against Follmer as guarantor. The defence was that the promise to pay the consideration was not in writing and therefore void under the statute. The court held in effect that as Dale would not have conveyed without the promise of Follmer to pay, the promise was not within the statute, and said "to enable Follmer to cut himself loose from the contract would encourage, not prevent fraud."

We have no doubt that where a sale of land is executed by delivery and acceptance of a conveyance passing the title, a previous oral promise to pay the consideration, whether the conveyance be to the promisor or to his nominee, is not within the statute of frauds, for the consideration of the promise is executed, and the law implies a debt recoverable in *assumpsit,* when there has been a previous request by the defendant to convey to him or his nominee coupled with circumstances showing that both parties expected that plaintiff would be recompensed for complying with such request, and the action is not limited to cases where money alone has been expended, but extends to those where goods, securities or land have been parted with on a previous express request.

It is not without significance that these defendants, in the contract they made with the Sims-Kent Company, required it to deposit in the bank a sum of money subject to their order, or to the order of a majority contracting to convey, as a guarantee that after conveyance that company would proceed to erect the factory on the land. The sum required to be deposited was not the full consideration named in the deed, but only $2,000, which was the precise sum which plaintiff's case shows they promised to pay him, and the inference is permissible that this was required to secure the defendants for the cost of the land, if the Sims-Kent Company did not make the agreed use of it.

It further appears that these defendants subsequently assented to the withdrawal of the $2,000 by the depositing company when it had, to their satisfaction, complied with the terms of its contract with them, which may be taken, until otherwise explained, as an indication that the consideration which defendants contracted for as the price of the conveyance of the land, had been fulfilled by their nominated vendee to their satisfaction, which would justify the inference of an accepted performance of the covenant contained in the contract of sale beneficial to them.

In this case there was testimony from which may be inferred not only a request to convey, but a promise by the defendants to pay a part of the value of the land, which at their

request the plaintiff conveyed to their nominee in satisfaction of their contract, and when plaintiff advanced his land to relieve these defendants, at their request, the law raised an implied promise by the defendants so benefited to reimburse him, a promise which has no concern with the sale of land or of any interest therein. The sale was closed when plaintiff conveyed, and nothing remained to be done to complete the sale of the land. The promise which induced the conveyance, became a debt of those who agreed to pay the consideration, enforceable as an implied obligation arising in part from what the plaintiff did under the influence of the contract. *Spengeman* v. *Palestine Building Association, supra.*

The appellant devotes a portion of his brief to the question whether the promise was a joint obligation or several, arguing that it was joint, but the defendant does not suggest or argue this question in his brief, nor was the motion for nonsuit put upon that ground, but assuming that it is raised in this case, there was evidence from which a jury might find the promise to be joint, or joint and several, and therefore that question should have been left to them as a question of fact. On this question the plaintiff testified that when the effort to induce the local improvement association to purchase plaintiff's land proved to be unsuccessful, he proposed that five or six of the citizens, of whom he was one, should pay for the land, and thereupon the defendants and plaintiff agreed with each other to purchase the land from plaintiff for the Sims-Kent Company; that the price was finally fixed at $2,500, of which plaintiff was to contribute $500, and the balance $2,000 to be paid to him by the five other parties. An inference of a joint obligation to pay may be drawn from this, and therefore even if this question was relied upon by defendant, a nonsuit would not have been proper, but the question whether the obligation was joint or several depending upon the testimony was a jury question.

There was some evidence tending to show that as between the promisors they expected each to contribute $400 towards the fund, but that would not of itself destroy their joint ob-

ligation to pay the whole sum to the plaintiff, if a joint promise existed.

The argument is advanced that oral proof of a promise to pay the consideration, if the vendor, upon request of the promisor, would convey to a third party, with whom the promisor had contracted to secure a conveyance of land to the vendee, would subject an alleged promisor to the danger of false testimony tending to establish such promise, but that danger is inherent in every case where it is sought to enforce a promise or fix the legal liability of a party in the case of any engagement clearly not within the statute. And if, as we hold, the promise to pay the consideration for an executed conveyance, under the circumstances present in this case, is not within the statute, proof of such promise is subject to the veracity of witnesses as in all cases of like character.

The judgment under review is reversed.

WHITE, J. (concurring). The purpose of the statute of frauds is to prevent fraud. The question of its applicability is largely dependent upon this purpose. The statute is therefore not permitted to be invoked to perpetrate an equitable fraud. *Vreeland* v. *Vreeland,* 8 *Dick. Ch. Rep.* 387, and cases there cited.

I think that it is because of this well established doctrine that a parol contract for the sale of real estate which has been executed by a conveyance by the vendor and an acceptance by the vendee will support an action by the vendor against the vendee for the agreed purchase price. 20 *Cyc.* 231, and cases there cited.

I am aware that in *Murray* v. *Schuldt,* 44 *Vroom* 489, the Supreme Court said that the recovery would be, not upon the express contract, but upon an implied contract to pay for the land so conveyed; but what that case really decided was that it was error for the trial judge to exclude evidence of the price agreed upon in the express parol contract, which seems to me to substantiate my view rather than the one expressed in the opinion filed in that case. I cannot think that a man who has received and accepted a conveyance of real estate in

pursuance of a parol contract to pay therefor the sum of $10,000 may escape with a payment of $3,000 by proving that to be the real value of the land; nor that a man who has received a conveyance of real estate in pursuance of a parol contract to pay $3,000 therefor may be required to pay $10,000 upon proof that such was the real value of the property conveyed. Of course, it is true that where the parol contract to sell real estate has not been carried out by the conveyance, money paid for or on account of the purchase price may be recovered back, or services properly measurable in money value may be recovered for on a *quantum meruit,* both upon an implied contract. *Smith* v. *Smith,* 4 *Dutch.* 208; *Cooper* v. *Colson,* 21 *Dick. Ch. Rep.* 328; *Gay* v. *Mooney,* 38 *Vroom* 28. But the reason for this is that the parol contract to sell the real estate not having been performed, is barred by the statute, and consequently the payment or the performance of services being without consideration and under circumstances negativing a gratuity, raises an implied contract. Where the parol contract to sell real estate has been performed, however, by the conveyance the payment of the price, as it seems to me, is compelled, not upon the theory of the non-existence of the parol contract, but in pursuance and enforcement of it.

Under this view obviously a tender to the vendee of the conveyance, duly executed by the vendor, is not enough, although that is all the vendor can do, and the contract may, in a sense, be said to be performed so far as he is concerned. But in the absence of acceptance of the conveyance by the vendee, the statute interposes an absolute barrier to the enforcement of the contract. When, however, the vendee has accepted the benefit of performance of the contract by the vendor a new element intervenes. To permit the vendee to then say that the contract could not be enforced against him because of the statute would be to permit him to invoke the statute in order to perpetrate the fraud of procuring a benefit on the faith of the promise to pay for it and then, while retaining the benefit, repudiating that promise. The all important element therefore is the *acceptance* by the vendee of the benefit of the performance. Without this acceptance there

is no fraud, and mere performance by the vendor is without effect upon the barrier interposed by the statute.

I am for this reason unable to agree with that portion of the foregoing opinion which states that a conveyance by the vendor to, and an acceptance of the conveyance by a third party to whom, by the terms of the verbal contract of sale, the conveyance was to be made, without further act on the part of the other party to the verbal contract, the vendee, will suffice to take the case out of the prohibition of the statute, so that the price may be recovered from such vendee. All that he did was to enter into a verbal contract for the sale of land. The statute made that contract unenforceable against him, unless he by some other act accepted the benefit of performance of that contract, in which case it would be a fraud for him to invoke the statute. He did not accept such benefit. Where is his fraud? What has he done to estop him from claiming a protection (the statute) to-day after the conveyance to the third party, which admittedly he had a perfect right to claim yesterday before such conveyance? He has not accepted anything, nor has he received any benefit. I am unable to see that he is estopped from asking the protection of the statute.

That the situation presents an apt case for the application of the statute goes almost without saying. It is difficult to imagine a more appropriate subject for such application than one presented by the picture of an anxious seller and an obliging impecunious friendy buyer uniting, for mutual interests, in a conveyance from the former to the latter, and in a story of a verbal contract by the former with a financially responsible third party, whereby the payment of the price is foisted upon such third party. Surely a statute to prevent fraud has excellent ground for application here. Its terms seem quite broad enough to cover it. In fact it would seem to have covered it twice—once as to the contract itself in the prohibition against a verbal contract for the sale of real estate, and again as to the theory (viz., acceptance of benefit by a third party) upon which the exception is proposed to be

grounded, in its prohibition of a verbal contract to pay the debt of another.

It may be that where the vendee comes in and admits the verbal contract and a request by him to convey to the third party, which was done, he may be estopped from setting up the statute because he has waived its protection by admitting the absence of what it is the purpose of the statute to prevent; but where he admits nothing and simply invokes the statute, I think there is every justification for its intervention.

I concur, however, in a reversal of this judgment, because in this case there was an act of acceptance by the vendees, the defendants, of performance by the vendor of the verbal contract of sale. That acceptance consisted in their joining in a perfectly legal and binding written contract with the third party (the Sims Company), whereby they obligated themselves to procure the conveyance in question to be made, and the subsequent execution and delivery by the verbal vendor of that conveyance to the benefit of such vendees in the discharge of their said legal obligation. The vendees legally bound themselves to procure the making of this conveyance by the vendor, who then at their request, discharged their obligation by making it. Clearly they have accepted performance of the verbal contract of sale, and have received the benefit of such performance. They now propose to retain that benefit, and by invoking the statute, to decline to pay what they agreed to pay for it. That to permit them to do so would be to sanction a use of a statute for the prevention of fraud to perpetrate a fraud is equally clear.

This view, which appears not to have been presented, or evidently was overlooked when this case was before the Supreme Court on rule to show cause (50 *Vroom* 10), leads me to concur in the reversal of the judgment; but I dissent from the much wider declaration contained in the majority opinion, not only because I think it is not involved in the decision of this case, but because it leaves wide open one of the doors leading to the perpetration of fraud which, in my judgment, it was the expressed purpose of the statute to close.

*For affirmance*—THE CHIEF JUSTICE, MINTURN, KALISCH, JJ. 3.

*For reversal*—THE CHANCELLOR, SWAYZE, PARKER, BERGEN, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 9.