### GEORGE W. CRANE v. DANIEL REUTSCHLER.

Argued November 3, 1915—Decided March 10, 1916.

Plaintiff paid defendant for a lot, under an oral agreement that the street abutting the lot was sewered, and the trial court found as a fact that there was no sewer in the street and that the plaintiff vacated the premises within a reasonable time. *Held*, (1) that the statute of frauds did not apply; (2) nor the doctrine of *caveat emptor;* (3) that the plaintiff had a legal right to rescind and sue for the purchase-price.

On appeal from the Bayonne District Court.

Before Justices PARKER, MINTURN and KALISCH.

For the plaintiff, *Alexander Seclow.*

For the defendant, *Abraham Levitan.*

The opinion of the court was delivered by

MINTURN, J.  The plaintiff paid the defendant $250 as the purchase price of a lot in North Arlington, under the terms of a verbal contract, which included in its provisions that the street abutting the lot was sewered for house connections. The trial court found that there was no sewer in the street, and that the plaintiff moved from the premises within a reasonable time after the discovery of the fact.

The suit was brought to recover the consideration paid upon the ground of the misrepresentation.

It is urged that the statute of frauds applies to the situation and prevents recovery, but such is not the case.  *Birch* v. *Baker,* 90 *Atl. Rep.* 297; 20 *Cyc.* 55, and cases cited.

The doctrine of *caveat emptor* also is invoked, but in this class of action it has no application.  2 *Kent Com.* 615; 35 *Cyc.* 68, and cases cited.

In such a situation the vendee had a legal right to rescind and sue for the purchase price. 2 *Kent Com.* 614; *Thomton* v. *Wynn,* 12 *Wheat.* 183.

The judgment will be affirmed.