JOHN DIECKMAN et al. (CHARLES W. TERHUNE, executor of the last will and testament of Clarence Lynn, deceased, substituted complainant), complainant-appellant,

*v.*

WILLIAM WALSER et ux., et al., defendants-respondents.

[Argued May 25th, 1933.   Decided October 16th, 1933.]

*Mr. Alfred R. Becker,* for the appellant, Charles W. Terhune, executor of the last will and testament of Clarence Lynn, deceased.

*Mr. Samuel Solomon* (*Mr. Merritt Lane,* of counsel), for the respondent Monitor Holding Company.

The opinion of the court was delivered by

HEHER, J.

The mortgage foreclosed in this proceeding covered tracts numbered 2, 3 and 4. At the time of the conveyance of tracts 2 and 3 to 1231 Boulevard East Corporation, the amount due

on the decree was $35,000, plus interest. Vice-Chancellor Bigelow found that the grantee of lots 2 and 3 assumed the payment of the full sum due upon the decree, and gave effect to that undertaking. This finding of fact is amply supported by the proofs.

Respondent alleged an oral assumption agreement. The deed conveyed the lands "subject to mortgages and taxes." Complainant's mortgage, which had then become merged in the final decree, and a second mortgage, upon which there was due $13,750, were specified as the mortgage encumbrances. The consideration was stated to be "one dollar and other valuable considerations." There was no other written agreement between the parties. This conveyance of lots 2 and 3 was in satisfaction of what defendant, Walser, regarded as an obligation, legal or moral, to one Lauterbach, arising from a loss sustained by the latter in a business venture of the former.

There was testimony that the grantee, in consideration of the conveyance, assumed the payment of the two mortgages covering the three tracts, and all unpaid taxes thereon. The grantee subsequently recognized such an obligation, and undertook its performance. In order to procure a mortgage loan to finance the erection of an apartment house on lot No. 2, it paid to complainant $10,000 on account of the principal sum due on the decree, interest on the entire principal sum, and the arrears of taxes assessed on the three lots. It satisfied the mentioned second mortgage encumbrance covering the three lots. Although it is appellant's contention that the three lots are chargeable with their proportionate share of the amount due upon the decree, no demand for contribution, by reason of these payments, was made, then or subsequently upon the owner of lot No. 4.

Moreover, on June 20th, 1928, and again on October 9th, 1928, counsel for the grantee corporation advised complainant's solicitor, by letter, that the entire balance remaining due on the decree would be paid by the grantee when the proceeds of the proposed mortgage on lot No. 2 were made available to it. And on October 3d, 1928, the grantee corporation

acknowledged, by letter written to one Nashel, who was about to take title to lot No. 4 from the Park Avenue Holding Company (the grantor), that, in consideration of the conveyance of lots Nos. 2 and 3, it had assumed the payment of "the entire mortgage" held by complainant in the sum of $35,000 and also a second mortgage held by one Rissick, "the total obligation not to exceed $54,000." Nashel was advised that the corporation was not then financially able to effect a release of the tract to be conveyed to him from the encumbrances in question, but assurances were given that not later than the middle of April, 1929, "we will be able to fulfill our promises so that you may have the property free and clear." Thus, the asserted parol agreement to assume the payment of the full amount due upon complainant's decree was established.

But appellant insists that this assumption agreement cannot be established by parol proof in this proceeding, and invokes, in support of this contention, the rule laid down in *Smith* v. *Colonial Woodworking Co., Inc., 110 N. J. Eq. 418,* wherein it was held that there is no assumption of a mortgage unless appropriate language appears in the deed, or it is said therein that the mortgage is part of the consideration money; that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined by the deed, and not by the agreement; and that the deed is conclusive evidence of the agreement, in the absence of fraud or reformation.

It is the general rule that the acceptance of a deed for land is to be deemed *prima facie* full execution of an executory agreement to convey, and thenceforth the agreement becomes void, and the rights of the parties are to be determined by the deed, not by the agreement. Until consummated, an executory contract is subject to modification. In all cases, the deed, when accepted, is presumed to express the ultimate intent of the parties with regard to so much of the contract as it purports to execute. The executed contract supersedes all prior negotiations and agreements, where the last contract

covers the whole subject embraced in the prior one. But where the stipulation is to do a series of acts at successive periods, or distinct and separable acts to be performed simultaneously, the executory contract becomes extinct only as to such of its parts as are covered by the conveyance. *Long* v. *Hartwell, 34 N. J. Law 116.* Covenants collateral to the deed are exceptions to this rule. And in *Bull* v. *Willard, 9 Barb. 641,* it is said, "that the covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to or be connected with the title, possession, quantity or emblements of the land which is the subject of the contract."

But it is also a well established rule that the true consideration of a deed may be shown by parol evidence, though it vary from that expressed therein, but not to vary or enlarge the grant. *Morris Canal and Banking Co.* v. *Ryerson, 27 N. J. Law 457; Herbert* v. *Scofield, 9 N. J. Eq. 492; Speer* v. *Speer, 14 N. J. Eq. 240; Silvers* v. *Potter, 48 N. J. Eq. 539, 547; Hattersley* v. *Bissett, 51 N. J. Eq. 597; Voight* v. *Dowe, 74 N. J. Eq. 560; Wilson* v. *King, 23 N. J. Eq. 150; Bolles* v. *Beach, 22 N. J. Law 680; Birch* v. *Baker, 85 N. J. Law 660.* This is the prevailing rule. *Cabrera* v. *American Colonial Bank, 214 U. S. 224; 29 Sup. Ct. 623; 53 L. Ed. 974; Mills* v. *Dow's Adm'r, 133 U. S. 423; 10 Sup. Ct. 413; 33 L. Ed. 717; Way* v. *Greer, 196 Mass. 237; 81 N. E. Rep. 1002; Blackwell* v. *Blackwell, 196 Mass. 186; 81 N. E. Rep. 910; In re Edmundson, 259 Pa. 429; 103 Atl. Rep. 277; 2 A. L. R. 1150; Lowry* v. *Downey, 150 Ind. 364; 50 N. E. Rep. 79; Gage* v. *Cameron, 212 Ill. 146; 72 N. E. Rep. 204; 10 R. C. L. 1042, 1043; 22 C. J. 1157, 1161.*

A parol agreement of the grantee, that he will assume the mortgage indebtedness upon the land conveyed, as part of the consideration of the conveyance, is valid and enforceable. *Bolles* v. *Beach, supra; Huyler's Executors* v. *Atwood, 26 N. J. Eq. 504; Wilson* v. *King, supra; Ketcham* v. *Brooks, 27 N. J. Eq. 347; Herrin* v. *Abbe, 55 Fla. 769; 46 So. Rep. 183; 18 L. R. A. (N. S.) 907; Pom. Eq. Jur.* § *1206.* Proof of the parol agreement must, however, be clear and convinc-

ing; but when the agreement is established it is as effective and binding as if it had been recited in the contract and conveyance. A covenant in the deed that the premises are free from encumbrances, or a recital that the consideration had been paid in full, does not estop either the grantor or the holder of the mortgage from proving such agreement and recovering upon it. The contract of assumption is independent of the deed. The verbal agreement is additional thereto, and in no respect contradictory, if the conveyance was in terms subject to the mortgage. It does not vary the terms of the contract, and is not merged therein. *Jones Mort. (8th ed.)* § *937 et seq.; Bolles* v. *Beach, supra; Enos* v. *Anderson, 40 Col. 395; 93 Pac. Rep. 475; 15 L. R. A. (N. S.) 1087.*

In *Bolles* v. *Beach, supra,* the deed acknowledged the receipt of the purchase-money, and contained the usual form of acquittance. It also contained full covenants of title and against encumbrances. At the time of the execution and delivery of the deed, a part of the premises conveyed was encumbered by a mortgage, and it was alleged that the deed was given and accepted subject to the lien and encumbrance of the mortgage, and upon an express and verbal stipulation between the parties that the grantee, in consideration of the delivery of the deed, would assume the payment of the bond and mortgage, and would indemnify the plaintiff against them. The action was by the grantor for the recovery of damages consequent upon the breach of the alleged assumption agreement. The grantee insisted that the grantor was estopped by his deed, and the covenants which it contained, from proving that a part of the premises was encumbered by mortgage, or that the grantee undertook and promised to pay off and discharge the mortgage, as part of the consideration expressed in the deed. This court held that the agreement in suit was independent of and collateral to the deed, and that the grantor was not estopped by his covenants against encumbrances. Mr. Justice Carpenter said:

"But a different rule has been generally adopted in this country, and the course of decision, for the most part, has been in favor of free inquiry in regard to the fact of payment in

actions for purchase-money, &c. Many of the cases on the subject are collected in *Cowen's Notes to Phillips' Ev. 217, 218, 1441, &c. (ed. 1843)*. It is there said that when the intention in regard to the estate is not disputed, nor the operation of the conveyance, as such, sought to be changed, this clause is regarded as formal merely, like the date, and open for explanation by parol. Thus, when the deed acknowledges the payment of the consideration, it cannot be denied by the grantor for the purpose of destroying the effect and operation of the deed, though it may be denied for the purpose of recovering the consideration money. *Grant* v. *Townsend, 2 Hill 557.* * * * The counsel of the defendant below have not contested the doctrine that the payment of the purchase-money is open to inquiry, notwithstanding the consideration clause; but they deny that the plaintiff can prove the existence of an encumbrance on the premises, as part of his case, when he expressly covenants by his deed that the premises were free of encumbrances. * * * We incline to think, therefore, that in this action the plaintiff is not estopped by his covenants against encumbrances, the question presented being collateral to the deed merely. But, independent of this technical answer to the objection, if the consideration clause, under the course of adjudication in this country, is made an exception to the general doctrine of estoppel, why should not the exception be extended to the question of payment in this instance, coming, as it does, within the same reason? The evidence, as to the agreement to pay off the mortgage, did not go to affect the operation of the deed, but simply to show the character and extent of the payment of the consideration; and the same reasons which persuade to the free admission of extrinsic inquiry in the one case, equally apply to the other."

In *Janitscheck* v. *Melbro Realty Corp., 107 N. J. Law 450,* Mr. Justice Parker, speaking for this court, held that a clause in a contract for the sale of real estate, providing that all street assessments were to be paid by the vendor, "was quite independent of the deed, which was accepted on the strength of that clause, and that vendees in paying their money paid not

only for the title but for a separate guarantee of defendant to hold them harmless from the assessment in question."

And in *Birch* v. *Baker, supra,* this court held that a vendor may recover *in assumpsit* upon an oral promise by the vendee to pay the consideration agreed upon for land conveyed. The consideration of the promise is executed, and the law implies a debt recoverable *in assumpsit.* The property having been conveyed to defendant, plaintiff's action was not upon the express contract of sale, but upon the debt which arose upon the conveyance. *Murray* v. *Schuldt, 73 N. J. Law 489; Spengeman* v. *Palestine Building Association, 60 N. J. Law 357; Blackwell* v. *Blackwell, supra.*

The rule permitting inquiry into the fact of payment of the consideration is designed to prevent the injustice which oftimes results from the strict doctrine of estoppel, especially when applied to a clause merely formal, and to reach the justice of the case. Its object is to ascertain and give effect to the intention of the parties. It is grounded in reason and sound policy. Particularity in the statement of the consideration in deeds of conveyance is not the practice. A rule that would shut out all inquiry into the consideration would undoubtedly work injustice. It would give an effect to instruments of this character not intended by the parties. The injustice of its application to the instant case is manifest. The conveyance in question was made several years before the case of *Smith* v. *Colonial Woodworking Co., Inc.,* was decided in this court.

Such a promise to pay the consideration for lands conveyed is not within the statute of frauds. It is not a promise to answer for the debt, default or miscarriage of another, nor is it a "contract or sale of lands," or any interest therein, within the intendment of that statute. *Birch* v. *Baker, supra; Murray* v. *Schuldt, supra; Spengeman* v. *Palestine Building Association, supra; Brackett* v. *Evans, 55 Mass. 79; Bowen* v. *Bell, 20 Johns. (N. Y.) 338; Root* v. *Burt, 118 Mass. 521; Enos* v. *Anderson, supra; Herrin* v. *Abbe, supra; Blackwell* v. *Blackwell, supra; Senninger* v. *Rowley, 138 Iowa 617;*

*116 N. W. Rep. 695; 18 L. R. A. (N. S.) 223; Jones Mort. (8th ed.) § 937.*

It follows, therefore, that the recitals in the deed are not conclusive as to the amount of the consideration. Even though the rule were otherwise, the evidence of the parol assumption agreement was admissible in the instant case. Its introduction did not contravene the general rule that parol evidence will not be received to add to or alter the terms of a contract in writing. It cannot be claimed that such evidence varied or changed the terms of the consideration specified in the deed, for it is expressly stated to be "one dollar and other valuable considerations." *Naumberg v. Young, 44 N. J. Law 331; Silvers v. Potter, supra; Herrin v. Abbe, supra.* The statement therein that the lands were conveyed subject to the mortgages and taxes was a mere recital or narrative, in the nature of notice to the vendee, of the existence of the specified liens. The evidence of the parol assumption agreement was in no sense inconsistent with the terms of the deed.

We are convinced of the unwisdom of departing from the long established rule which permits of inquiry into the fact of payment of the consideration, and its corollary, that a mortgage assumption agreement may be established by parol. The case of *Smith v. Colonial Woodworking Co., Inc., supra,* to that extent, is accordingly overruled.

None of the remaining questions raised by appellant requires discussion.

Decree affirmed, but without costs.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Case, Bodine, Heher, Perskie, Dear, Dill, JJ.   9.

*For reversal*—Donges, Hetfield, Wells, JJ.   3.