No. 26.—MOSES TISON *et al.*, plaintiffs in error, *vs.* ABNER TISON, Administrator, defendant.

[1.] Where a defendant in Equity, is called on by bill as administrator, to state what advancements were made by his intestate, in his life time, to his children, and he states in his answer, (or in amendments filed in consideration of exceptions to the answer,) that each child received some property in money, negroes, furniture, and some of them in land; but as to value, number, sex and age, or time when received, or amount of money, he has no knowledge; that these transactions, or some of them, occurred before his birth; and "he is wholly unable to state more fully than he has above stated:" *Held*, that the defendant could not be required to answer more fully on these points.

[2.] When matter is relied upon in the answer, as a defence, which does not appear in the bill; and the only relief thereby sought, is such as is *directly*, and not *collaterally* incident to such defence, and no cross-discovery is sought: *Held*, that this portion of the answer is not in the nature of a *cross-bill*.

[3.] When an administrator is called on, by a bill in Equity, to give an account of his proceedings, as such administrator, it is his duty to annex a

schedule of all his returns to the Court of Ordinary to the answer. If the complainant has excepted to the answer, because such schedule has not been annexed, he is entitled to have the same annexed, before the answer is declared complete; and a prospective order of the Court, directing the answer to be filed as complete, upon such schedule being filed with it, is contrary to the practice in Chancery, and erroneous.

[4.] So when the complainants except, that copies of deeds referred to and relied upon by the defendant, have not been filed, it is error in the Court to grant an order directing that they be filed with the answer; and the exception be overruled.

[5.] When in a cause, a demurrer, or plea, has been overruled upon argument, the defendant must make a new defence; and it is not respectful to the Court, again to present the same matter in the answer.

In Equity, in Dooly Superior Court. Decided by Judge POWERS, October Term, 1852.

This was a bill filed by Moses Tison and others, heirs of Moses Tison, deceased, against Abner Tison, administrator, and certain others, also heirs of the said deceased, for discovery and relief; charging advancements to have been *made to* defendants by the said deceased; and praying that they be required to bring the same into hotch-pot, &c. At April Term, 1852, the defendants not having answered, the plaintiffs took an order that the bill be taken *pro confesso.* At the next term thereafter, the defendant, Abner Tison came in, and moved that said order be opened; and that he be allowed to file his answer. To this application, the complainants did not object; but when the answer was offered, excepted to the same as insufficient, on the following grounds:

1st. That he does not answer, to the best of his knowledge, information and belief, what, and what amount of advancements were made to his co-defendants.

2d. That he does not state at what time or times the advancements were made to himself.

3d. That he has converted a portion of his answer into a cross-bill, wherein he charges the complainants with having received advancements through their ancestor, Joab Tison; a subject upon which there is, as he admits, nothing charged or said

in said complainants' bill; thereby changing the issue, and requiring an answer and discovery from the complainants.

4th. He answers, that he has distributed said estate, and taken receipts, which he prays to use; but does not exhibit, or attach any exemplification from the Court of Ordinary, of such proceedings as administrator.

5th. That he does not state the time Joab Tison, the ancestor of complainants died.

6th. That he does not give the numbers of the land advanced to himself; nor does he exhibit copies of the deeds he refers to, and claims under.

7th. That he sets up in his answer, matters which have been adjudged and decided on demurrer in this case, by the Superior Court, and the judgment affirmed by the Supreme Court.

After these exceptions were filed, certain amendments to the answer of defendant, for the purpose of meeting the exceptions, and more fully answering said bill, were filed with said answer.

After argument had upon the sufficiency of said answer, the Court suspended its decision, and by consent of both parties, took an order that the same be delivered at Chambers; and afterwards, to wit, on the 22d day of June, 1853, the judgment of the Court was delivered at Chambers, upon said exceptions; and the Court directed the following order to be entered in said case, viz: "That the said Abner Tison have leave to file his said answer, on filing therewith an exemplification of his actings and doings, as administrator of Moses Tison, deceased; and the instruments by which Moses Tison conveyed lands to him; and that said exceptions to said answer be overruled and disallowed."

To which decision, complainants excepted.

BAILEY, for plaintiff in error.

STUBBS & HILL, S. & R. P. HALL, and WARREN, for defendants.

*By the Court.*—STARNES, J., delivering the opinion.

In this case, his Honor, Judge *Powers*, overruled all the exceptions taken to the defendant's answer; and gave him leave to file that answer upon the terms specified in the statement of facts accompanying this opinion.

[1.] Upon examination of the answer, and the amendments which (on account of the exceptions taken) were filed at April Term, 1853, when argument was had, we are of opinion, with reference to the first and second exceptions, that the defendant has offered all the information touching the matters and things of which inquiry is made, that can be required of him. If the answer, as first filed, as to these matters, was not sufficient, we think that it was made so by the amendments. In the first of these, the defendant states, that "The several children each received some property, in money, negroes, and household and kitchen furniture, and some of them land. But as to the value of the land, number of negroes, sex, and age, or when or where received, or amount of money, he has no knowledge; neither has he information as to the amount of money received by them, or either of them. The amount in value of the whole, he has learned by hearsay, was somewhere in the neighborhood of two thousand dollars in value."

In another place,. he says, "These transactions, or some of them, occurred before his birth; and he is wholly unable, in relation to them, to state more fully than he has above stated."

As to the time when these advancements of property were made to him, he says, that "It was the year 1828, or about that time; and the money was advanced at different times, up to the year 1839—in all two hundred and forty dollars; and as to the time when the advances were made to the other children, he cannot state—has no information, or if he had, has forgotten it."

These responses, especially when taken in connection with other parts of the answer, in part to a somewhat similar purport, should have been satisfactory, we think; and at all events, are all that a Court of Equity need have required of the de-

fendant, in view of the form in which the exceptions are presented.

[2.] The third exception is, that the defendant has converted a part of his answer into a *cross-bill;* thereby changing the issue, and requiring an answer and discovery from the complainant.   We do not so regard any part of the answer.

A *cross-bill* is a species of pleading, used for the purpose of obtaining a discovery necessary to the defence, or to obtain some relief founded on the collateral claims of the party defendant to the original suit.   (*Lubé Eq. Pl.* 228.)   The relief sought by the defendant's answer, is only such as is *directly,* and not *collaterally* incident to his defence.   It is, in fact, strictly matter in direct discharge of the allegations in the bill contained; and no cross discovery is sought.

[3.] We cannot agree with the Court below, in thinking that the fourth exception should have been overruled.   In our opinion, the defendant was called on by the bill, to give an account of his proceedings as administrator of Moses Tison, deceased; and in so doing, it was his duty to attach to his answers an exemplification of his returns to the Court of Ordinary.

It is true, that the bill does not, in a very technical way, call on the defendant to give an account of all his acts as administrator; but it charges him with having taken all the estate into his possession, and alleges, substantially, that he has not properly accounted for it.

In reply, he seeks to discharge himself, by showing that he has properly and fairly distributed it; and refers to his receipts, &c., discharging him.   In view of this, the Court below, by a sort of prospective order, directs the answer to be filed, "On his filing therewith an exemplification of his actings and doings as administrator of Moses Tison, and the instruments by which the said Moses Tison conveyed land to him;" and overrules this exception.

If entitled at all, the complainant was entitled to have this schedule, before the answer was declared complete, in order, that, in the light of such schedule, the sufficiency of the answer might be determined.   And in the absence of such ex-

hibit, it was contrary to Chancery practice, or, in our opinion, to a safe practice of any sort, for the Judge to grant this prospective order.

[4.] The next exceptions are, that the defendant does not state the time of Joab Tison's death; nor give the number of the land advanced to him; nor furnish copies of the deeds to him, for this land.

The defects, as to the time of Joab Tison's death, and the numbers of the lands, are supplied by the amended answer; but no copies of the deeds to which reference is made, are annexed. To inspection of these, the complainant was entitled, before the answer was determined to be sufficient, for the reasons above given; and the answer should not have been allowed as sufficient, until copies of these deeds were attached.

[5.] In the last exceptions taken, complainants insist that defendant is setting up in his answer, matter which had been previously adjudged by the Court, in this case, upon demurrer.

"If a demurrer or plea be overruled, upon argument, the defendant must make a new defence." (*Mitf. Pl.* 16, *Murray vs. Coster.* 4 *Com.* 617. 2 *Paige Ch. R.* 413, *Townsend vs. Townsend.*)

It is not respectful to a Chancellor, who thus overrules matter, presented in the form of a demurrer, or of plea, again to present the same in the answer.

The ground here insisted on, viz: that the complainants have not offered to bring their advancements to their father into hotchpot, and are therefore not entitled to relief, was taken, upon demurrer to this bill, and has been solemnly decided against the defendant, by this Court. See *Tison vs. Tison,* 12 *Ga. R.* 211.

A Court which was very sensitive on the score of its dignity, might deem it disrespectful for this position to be again assumed, and by way of plea incorporated with the answer, especially when no special reason is assigned in that answer, or in the argument, why the Court should again consider and decide the point.

From the stand-point of fair and impartial criticism, I speak

it, having recently come upon this Bench, the uniform courtesy of those who have constituted this Court, in their intercourse with brethren of the bar, has entitled them to receive from those brethren, all that professional courtesy dictates, and a well regulated practice approves.   I am happy that our brethren who are engaged in this cause, have enabled me to say, that the decision on the demurrer had not been published when they filed this answer, and that they did not know that the point had been there made and overruled ; and from abundance of caution, placed it in the answer.

The Court below, should have sustained the exception on this ground; and in not doing so, in our opinion, committed error.

For the reasons given, we reverse the judgment ; and, authorized as we are, by organic law,  " To award such order and direction in the premises, as may be consistent with the law and justice of the case," we order and adjudge that on or before the second day of the next term of the Superior Court in Dooly county, the defendant, Abner Tison, do file a full and sufficient answer in this case ; (the sufficiency of the same to be considered and determined by his Honor the Judge of said Court) and in default thereof, that the complainant's bill be, by said Court, ordered to stand as confessed.