No. 85.—IRWIN BULLOCK, plaintiff in error, *vs.* ELIZA J. BROWN, adm'x of Zachariah Brown, dec'd defendant in error.

[1.] If the defendant in a bill can get full relief by answer, he is not entitled to a cross-bill—much less is he to be driven to one.

In Equity, in Dooly Superior Court. Decided by Judge POWERS, April Term, 1856.

This was a bill, filed by Eliza J. Brown, administratrix of Zachariah Brown, dec'd, against Irwin Bullock. The bill alleges that Zachariah Brown died in 1838, and that in December of that year one Champion Butler took out temporary letters of administration on his estate, giving bond, with Irwin Bullock as security; that said Butler took charge of said estate, sold property belonging to it without authority, collected debts and converted the money coming to his hands to his own use or squandered it; that permanent letters of administration were never taken out by any one until 1852, when complainant administered; that Butler has refused to deliver up said estate or the effects in his hands to complainant, but has removed out of the State. The prayer is, that defendant, as security of Butler, be made to account, &c.

The answer admits that Champion Butler collected money belonging to said estate, but sets up among other things in defence, that said Butler paid the debts due by said deceased, even beyond the amount of effects belonging to said estate which came to his hands, the answer alleging that said Butler received some $1600 and offering to show that he paid out some $1784.

Complainant's Counsel made a motion in the Court below to strike out all those parts of the defence going to prove that Butler paid the debts of said deceased. The Court sustained the motion, and held that such a defence could only be set up by cross-bill. To this decision defendant's Counsel excepts.

STUBBS & HILL; TRACY, for plaintiff in error.

MILLER & HALL, for defendant in error.

*By the Court.*—BENNING, J. delivering opinion.

The decision complained of was a decision striking out those parts of the answer that set up payment of the debts of the intestate by Butler. The reason given for the decision was, not that such payments did not constitute a defence, but that though constituting a defence, the defence was one of which the defendant could not avail himself by answer, but only by cross-bill.

We agree with the Court that such payments would constitute a defence.

The person who made them, Butler, the temporary administrator, *must* have made them either as rightful administrator or as executor of his own wrong; for the administration had been committed to no other person, and the payments were acts of intermeddling with the estate.

But if he made them in either character, he was entitled, to plead them as rightful acts—as acts which he was justified in performing—as acts of due administration. Even an executor of his own wrong will be protected in paying the debts. of the intestate, if he pays them in their due order. (*Com. Dig. Adm'r, c. 3; Bac. Abr. Executors, b. 3.*)

[1.] But we cannot agree with the Court, that the defence is one which can be made available to the defendant in the bill only by being presented in a cross bill. The defence is one on which, as it stands in the answer, issue can be taken. It is, therefore, one which can be reached by the decree. What more could a cross-bill effect? If the defendant in a bill can get full relief by answer, he is not entitled to a cross-bill.

And the defendant in this bill can. It is no part of the

relief to which he is entitled, that he should have a decree against the complaint. When he prevents the complainant from getting a decree against him, he completely protects himself.

We therefore think that the Court erred in its judgment, striking out parts of the answer.