No. 11,264.

## WRIGHT ET AL. *v.* BRIGGS.

MORTGAGE.—*Subrogation.—Agreement.—Foreclosure.*—W., owning a lot subject to a mortgage duly recorded, conveyed a part thereof to B., in consideration in part of the oral agreement of B. that he would pay the mortgage. W. afterwards conveyed the remainder of the lot for value and with warranty to C., to whom B. at the time affirmed his said promise. C. for value conveyed said remainder to D., informing the latter of B.'s agreement. Afterwards D., to save the lot from sale, was compelled to pay the mortgage.

*Held,* that B. was personally liable to D. for the amount paid, and to a decree of foreclosure against B.'s part of the lot, to make the same.

From the Superior Court of Marion County.

*W. D. Bynum, A. T. Beck, J. E. McDonald, J. M. Butler,* and *A. L. Mason,* for appellants.

*F. Winter,* for appellee.

BLACK, C.—The appellee sued the appellants, who separately answered by denials. The appellant Bernhamer alone assigns errors, and the assignment requires us to determine as to the sufficiency of the complaint as against him, and as to the correctness of the conclusions of law stated so far as they relate to him.

The facts shown by the complaint and in the special finding, omitting such as affect only the other defendants, were, in substance, as follows:

On the 26th of July, 1876, the defendants Thomas Wright and Amelia S. Wright, his wife, executed a mortgage on a certain lot in the city of Indianapolis to the State of Indiana, for the use of the common school fund, to secure the payment of a promissory note of that date, executed by said Thomas Wright to the State of Indiana for the use of said fund, whereby he promised to pay to said State for said use the sum of $250, on or before the 26th of July, 1881, with interest at the rate of eight per cent. per annum. Said mortgage and note were duly recorded in the recorder's office of Marion county.

On the 17th of January, 1877, said Wrights conveyed to the defendant Bernhamer ten feet by parallel lines off of the east side of said lot, and the deed was duly recorded. Bernhamer still owned the real estate so conveyed to him. As part of the consideration to be paid therefor by him to said Wright, Bernhamer, at the time of the conveyance, assumed and agreed to pay said mortgage, and to relieve and release the remainder of said lot from the lien and encumbrance thereof.

On the 25th of January, 1877, said Wrights, in consideration of the sum of $1,500 to them paid by James A. Briggs, sold and by warranty deed in statutory form conveyed to him all of said lot except the portion thereof previously conveyed to Bernhamer, who, at the time of said purchase by said Briggs and said conveyance to him, stated and represented to said Briggs that he, said Bernhamer, had agreed with said Wrights, as a part of the consideration of the purchase made by him, to assume and pay said mortgage, and he promised said Briggs that he would pay and discharge said mortgage and relieve that part of the lot about to be purchased by said Briggs from the lien and encumbrance thereof; and said Briggs, in reliance upon said statement and promise of said Bernhamer, thereupon made the purchase aforesaid from said Wrights.

On the 29th of October, 1878, said James A. Briggs sold and conveyed said lot, except the portion so purchased and owned by Bernhamer, to the plaintiff Sarah A. Briggs, for the consideration of $1,000. At and before her said purchase, the plaintiff was informed by said James A. Briggs of said Bernhamer's assumption of and agreement to pay said mortgage, and relied upon his performance of said agreement in making her said purchase.

On the 26th of July, 1881, said mortgage became due and was unpaid, and the plaintiff demanded of said Bernhamer that he pay the same, which he failed to do. In consequence of said mortgage being due and remaining unpaid, the au-

ditor of said county of Marion was about to advertise and sell said mortgaged premises, including the part thereof owned by the plaintiff, for the payment of said mortgage debt. Thereupon, the plaintiff, on the 18th of October, 1882, to prevent the sale of her said property and relieve it from the lien of said mortgage, was compelled to and did pay to the treasurer of said county $315, the amount of principal and interest then due and unpaid upon said mortgage, and said auditor thereupon endorsed upon said mortgage that it was satisfied.

The conclusions of law stated by the court, so far as they related to said Bernhamer, were, that the plaintiff was entitled to a personal judgment against him for $321, and that she was entitled to foreclosure on the portion of said lot so conveyed to said Bernhamer.

When a portion of the lot was conveyed to Bernhamer, and he assumed the payment of the mortgage, which his vendor was personally bound to pay, Bernhamer, as between him and Wright, became the principal debtor, and Wright became his surety. The portion of the lot retained by the mortgagor and afterwards conveyed to James A. Briggs, and by him conveyed to the appellee, also was placed in the relation of surety for Bernhamer. Thomas Wright was still personally bound to the mortgagee, to whom also all the lot was still bound. It does not appear that Bernhamer's assumption was stipulated in the deed received by him, but his oral assumption of the mortgage was sufficient to effect such a result as we have indicated. Jones Mort., section 750 and notes; Pomeroy Eq. Jur., section 1206, note 2. By said assumption the mortgagee became entitled to hold Bernhamer personally liable for the mortgage debt. The mortgagee thus acquired an additional security, the creditor being entitled to the benefit of all securities held by a surety from the principal debtor.

It sufficiently appears from the facts stated that, as between

Bernhamer and the appellee, the former was in equity and good conscience bound to pay the mortgage debt, and to thereby relieve therefrom the portion of the lot held by the appellee. As she, in order to save her portion of the lot, was compelled to pay the debt which she was not personally bound to pay, and which, as between her and Bernhamer, the latter, in equity and good conscience, was bound to pay, she, by such payment, acquired the right of subrogation to all the rights, remedies and securities that the mortgagee had as against Bernhamer. She, therefore, was entitled not only to foreclose the mortgage upon the portion of the lot owned by Bernhamer, but also to obtain personal judgment against him for the amount paid by her for which, under his contract of assumption, he was bound. Pomeroy Eq. Jur., sections 1206, 1207; Jones Mort., sections 741, 743, 748; *Cole* v. *Malcolm,* 66 N. Y. 363; *Vrooman* v. *Turner,* 69 N. Y. 280; *Johnson* v. *Harden,* 45 Iowa, 677; *McCormick* v. *Irwin,* 35 Pa. St. 111; *Mosier's Appeal,* 56 Pa. St. 76; *Rardin* v. *Walpole,* 38 Ind. 146; *Josselyn* v. *Edwards,* 57 Ind. 212; *Hoffman* v. *Risk,* 58 Ind. 113; *Lowrey* v. *Byers,* 80 Ind. 443; *Pence* v. *Armstrong,* 95 Ind. 191; *Ellis* v. *Johnson,* 96 Ind. 377.

We find no error.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants. Filed Jan. 22, 1885.