James A. Herrin, Ella M. Herrin, Allen Whitted and Viola Whitted, *Appellants,* v. Mrs. C. R. Abbe, *Appellee.*

1. In an equity proceeding a cross bill may upon proper showing be filed before hearing where it appears that the suit as instituted is insufficient to bring before the court all matters necessary to enable it fully to decide the rights of all the parties. Where matters set up in a cross bill are equally available against the complainant by an answer to the original bill, a cross bill is unnecessary.

2. A parol agreement by the grantee, at the time of taking a deed of conveyance to real estate, that he will assume the mortgage indebtedness upon the property as a part of the consideration of the conveyance may be enforced in equity by the mortgagee.

3. The privilege growing out of the relation of attorney and client is for the benefit of the client, and it extends to communica-

Herrin et al. v. Abbe,—Syllabus.

tions between them as to legal matters made for the purpose of professional aid or advice. Communications between attorney and client concerning an indebtedness of the client to the attorney are not ordinarily within the privilege.

4. Where a deed conveying real estate has been accepted, testimony as to declarations made by the grantee prior to accepting the deed as to the true consideration of the deed is in general not admissible.

5. Where a deed of conveyance recites a consideration of "one dollar and other valuable considerations," the statement as to the consideration is not complete and the true consideration may he shown by parol.

6. A promise by the purchaser of lands that are subject to mortgages, to assume and pay off the encumbrances as a part of the consideration or purchase price is not required to be in writing as it is not a promise to pay the debt of another, but is a promise to pay to a third party the debt the grantee owes the grantor. The fact that in thus paying his own debt the grantee incidentially discharges the debt of his grantor to another does not bring the promise within the statute of frauds.

7. A provision in a deed of conveyance that the land is conveyed subject to all liens and mortgages standing of record against it, has no controlling reference to the consideration of the deed recited therein as being "one dollar and other valuable considerations," and evidence as to the true consideration does not vary the provision making the conveyance subject to the encumbrances.

8. It is not error to deny a motion to strike testimony when some of the testimony included in the motion is admissible as against the grounds of the motion.

9. Where there is testimony to sustain a decree it will in general not be reversed on the ground that it is not supported by the evidence.

This case was decided by Division A.

Appeal from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Singletary & Reaves,* for appellants;

*C. C. Whitaker,* for appellee.

WHITFIELD, J.—This is an appeal from a decree of foreclosure in which it is decreed that the appellant Allen Whitted who purchased the mortgaged property "assumed and agreed to pay the complainant's mortgaged indebtedness."

It is alleged that the mortgagor, James A. Herrin and his wife, conveyed to Allen Whitted by a good and sufficient warranty deed title to the premises; "and that as part of the consideration and purchase price of the said mortgaged premises by the said Allen Whitted from the said James A. Herrin and wife the said Allen Whitted acknowledged and assumed the mortgaged indebtedness * * * and promised to pay the same, with interest thereon according to the true intent and meaning of the note and mortgage; and did and has assumed and agreed to pay the same; the said assumption of said mortgage indebtedness being considered and agreed to be a part of the purchase price to be paid for said premises."

The warranty deed conveying the premises from the mortgagor, James A. Herrin and wife, to Allen Whitted states that the consideration therefor is "the sum of one dollar and other valuable considerations;" and the deed after the description of the land contains the following: "The above property is conveyed subject to all liens and mortgages now standing of record against the same."

The answer of the defendant, Whitted, contains the following: "This defendant denies that he assumed the said mortgage indebtedness in favor of the complainant or that he ever at any time as part consideration of the

conveyance of said premises to him or for any other consideration agreed or obligated to pay the said indebtedness or any part thereof. This defendant says that he took a conveyance of said property subject to the mortgage of the complainant, but that he never promised or agreed with the said James A. Herrin, or any other person to pay to the complainant or to any other person the said principal sum of money secured to her by the said mortgage, nor the interest thereon nor any part thereof."

A replication to the answer was filed.

After the testimony had been taken before a master and reported, application was made by Whitted to file a cross-bill against the defendant, James A. Herrin and the complainant, Mrs. C. R. Abbe. This application was refused on the ground "that the defendant can obtain all the relief to which he may be entitled under his answer to the bill of foreclosure, and that there is nothing in the allegations of the cross-bill, which if true would entitle the defendant to a rescission of the contract of purchase."

A cross-bill may upon proper showing be filed before hearing when it appears that the suit as instituted is insufficient to bring before the court all matters necessary to enable it fully to decide upon the rights of all the parties. Finlayson v. Lipscomb, 16 Fla. 751, text 759; 16 Cyc. 328. Where the matters of the cross-bill are equally available as against the complainant by an answer to the original bill a cross-bill is unnecessary. Sanderson's Adm'rs v. Sanderson, 17 Fla. 820, 834; 16 Cyc. 327.

The cross-bill sought upon the ground of mistake, a recission of the conveyance of the land from Herrin to Whitted and a reinstatement of a judgment in favor of Whitted that was a part of the consideration for the conveyance of the premises in controversy. Conceding that the cross-bill was timely presented it does not appear that the complainant in the cross-bill, Allen Whitted,

could not obtain through his answer all the relief to which he was entitled as against Mrs. C. R. Abbe, the sole complainant in the original bill. If he had not assumed the payment of the mortgage debt his defense was adequate under his answer. Mrs. Abbe had no interest in the recission of the conveyance to Whitted, or in the reinstatement of Whitted's judgment. The court will not be held in error for refusing leave to file the cross-bill.

A parol agreement by the grantee, at the time of taking a deed of conveyance to real estate, that he will assume the mortgage indebtedness upon the property as a part of the consideration of the conveyance may be enforced in equity by the mortgagee. Wilson v. King, 23 N. J. Eq. 150; Wright v. Briggs, 99 Ind. 563; Lamb v. Tucker, 42 Iowa 118; Jones on Mortgages § 741 *et seq.;* Pomeroy's Eq. Jur. 1206.

One of the counsel who obtained the judgment for Whitted against Herrin, which was a part of the consideration for the conveyance from Herrin to Whitted testified that Whitted asked for a reduction of the fee he was to pay the counsel and that "He said he had assumed all these debts and had to pay them and was not going to come out and therefore he asked for a reduction." "He was to pay the indebtedness against the property."

The refusal of the court to strike this testimony on the ground that it disclosed matters covered by the privilege growing out of the relation of attorney and client, is not error, as the testimony is of statements made by the defendant to the witness in discussing matters of indebtedness between them—not professional matters as to which the defendant could claim the privilege of silence on the part of counsel. See Buckmaster v. Kelly, 15 Fla. 180; 1 Elliott on Ev. § 625.

The testimony of a witness as to statements by the defendant prior to the execution of the conveyance to him "that he would not accept a deed and become responsible for the encumbrances under any circumstances" was properly excluded as it was not denied that the defendant did accept the deed and testimony as to declarations made by the defendant prior to accepting the deed was inadmissible on the question as to what the true consideration of the deed was.

The defendant, James A. Herrin, testified that a part of the consideration for the deed of conveyance from him to Whitted was the agreement of Whitted to pay the mortgages on the premises. A motion to strike this testimony on the grounds that it (1) was irrelevant; (2) was not in writing; (3) the deed contains the contract; (4) it contradicts, adds to and varies the contract, was denied.

The deed of conveyance recites a consideration of "one dollar and other valuable considerations." The statement in the deed as to the consideration is not complete and the true consideration may be shown by parol. See Sullivan v. Lear, 23 Fla. 463, text 477, 2 South. Rep. 846, S. C. 11 Am. St. Rep. 388; 17 Cyc. 653; 4 Wigmore on Evidence, § 2433; 2 Devlin on Deeds, § 822.

The testimony relates to the consideration of the deed and was clearly admissible on that ground, since the deed does not purport to be complete in stating the consideration.

A promise by the purchaser of lands that are subject to a mortgage, to assume and pay off the encumbrance as a part of the consideration or purchase price is not required to be in writing because it is not a promise to pay the debt of another, but it is a promise to pay to a third party the debt the grantee owes to the grantor. The fact that in thus paying his own debt the grantee incidentally discharges the debt of his grantor does not bring

the promise within the statute of frauds. 20 Cyc. 175, note 86; 29 Am. & Eng. Ency. Law (2nd ed.) 916, note 1; West v. Grainger, 46 Fla. 257, 35 South. Rep. 91; Craft v. Kendrick, 39 Fla. 90, 21 South. Rep. 803; American Lead Pencil Co. v. Wolfe,˙ 30 Fla. 360, 11 South. Rep. 488; Tuttle v. Armstead, 53 Conn. 175, 22 Atl. Rep. 677.

The provision in the deed of conveyance that the property is conveyed subject to all liens and mortgages standing of record against it has no reference to the consideration for which the conveyance was made, and evidence relating to the true consideration of the deed as actually agreed on does not contradict, add to or vary the provision making the conveyance subject to encumbrances. See Wilson v. King, 23 N. J. Eq. 150.

One of the witnesses testified that the defendant, Whitted, admitted that he promised to pay the mortgage and also testified as to other promises made by defendant to the witness with reference to the payment of the mortgage. A motion was made to strike all the testimony of the witness and also to strike the testimony of the witness which refers to conversations between witness and defendant, Whitted, as to the assumption and payment of the existing liens on the land and the particular mortgage of Mrs. C. R. Abe. This motion was denied and error is assigned thereon. As at least some of the testimony of the witness as to conversations with Whitted was admissible in corroboration of the testimony of the defendant, Herrin, that Whitted assumed the mortgage debt as a part of the consideration for the conveyance to him, the motion to strike was properly overruled. Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32.

There is testimony to sustain the decree that the defendant' Whitted, "assumed and agreed to pay the complainant's mortgaged indebtedness," and the decree will

not be reversed on the ground that it is not sustained by the evidence.

No reversible or harmful error appears in the admission or exclusion of testimony and the decree is, therefore, affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.