ENNS-HALBE COMPANY, a Corporation, *Plaintiff in Error*,
vs. E. C. TEMPLETON, *Defendant in Error*.
Division A.
Opinion filed May 25, 1931.

*Fee & Liddon*, for Plaintiff in Error;
*Nottingham & Denison*, for Defendant in Error.

BUFORD, C.J.—In this case the writ of error is to review

the judgment of the Circuit Court which judgment was entered on sustaining demurrer to an amended declaration. The declaration alleges:

"for that, on to-wit, the 22nd day of December, 1926, the said E. C. Templeton became the Grantee in a Warranty Deed from Grace Long Flinn and David Flinn, her husband, said deed being under seal, duly acknowledged and conveying to said E. C. Templeton the following described land in St. Lucie County, Florida, to wit:"

\* \* \* \* \* \* \* \* \* \* \* \* \*

"A certified copy of said Warranty Deed being attached to the original declaration in this cause, and by reference is made a part of this amended declaration.

That on the 21st day of January, 1926, Sunrise Land Company, a Florida Corporation, was the owner of the said hereinbefore real estate, and on said date conveyed said property to one A. G. Roberts and Geraldine R. Roberts, his wife, of Indian River County, Florida. That on the said 21st day of January, 1926, the said A. G. Roberts and Geraldine R. Roberts, his wife, made and executed three certain promissory notes of that date, under seal, for the sum of $500.00 each, due on or before one, two and three years after date, respectively, with interest at 8% payable semi-annually, and to secure said notes, the said A. G. Roberts and Geraldine R. Roberts, his wife, executed a mortgage deed of that date on said property, to said Sunrise Land Company. That the said Sunrise Land Company, a corporation, sold and delivered said notes and mortgage to one Stanley M. Hyer, under and by virtue of an assignment of mortgage, filed the 23rd day of July 1926, and recorded in Assignment Book 2, page 448, of the St. Lucie County Records. That said promissory notes were endorsed by the Sunrise Land Company, a corporation, and by E. L. Taylor, R. L. Jenkins, David

Flinn, R. R. Martin and R. S. Walton at the time of their sale to said Stanley M. Hyer. That the said A. G. Roberts and Geraldine R. Roberts, his wife, conveyed the said mortgaged premises, by Warranty Deed, to Grace Long Flinn of St. Lucie County, Florida, on the 9th day of December, 1926, which said deed was filed for record December 22nd 1926, and recorded in Deed Book 68, page 334, of the St. Lucie County Records. That the said Grace Long Flinn is the wife of the said David Flinn who endorsed the said promissory notes. That said Grace Long Flinn and David Flinn her husband, conveyed said premises to the defendant, E. C. Templeton, as hereinbefore alleged.

That the said E. C. Templeton purchased the said premises from said Grace Long Flinn and David Flinn, her husband, on the 22nd day of December 1926, by Warranty Deed, which said deed stated that the conveyance was subject to the mortgage and notes hereinbefore described and which were at that time owned by said Stanley M. Hyer. That the said David Flinn and Grace Long Flinn, his wife, conveyed said premises to said defendant, the sole consideration being that the said defendant would pay off the said mortgage and notes and also a prior mortgage on said premises, and the said Grace Long Flinn and David Flinn, her husband, conveyed the said premises to said defendant in consideration of defendant's promise to pay said notes and mortgage, and thereby release the said David Flinn, who was endorser on said notes, and that no other consideration moved to the said Grace Long Flinn and David Flinn, her husband, except that the defendant's promise to pay said notes and mortgage, and the said mortgage debt was a part of the purchase price to be paid for said land by the said defendant, and to thereby release the said David Flinn as an endorser on said notes. That the said Stanley M. Hyer sold said three

promissory notes and the mortgage securing same to one Hattie E. Chamberlain, by assignment of mortgage dated September 17th, 1927, and filed November 15th, 1927, and recorded in Assignment Book 3, page 229 of St. Lucie County records. That said Hattie E. Chamberlain on the 25th day of November, 1927, sold the last two of said promissory notes, the first of said notes having been paid by said defendant to the plaintiff, and duly assigned said mortgage to the plaintiff for a valuable consideration by assignment of mortgage dated the 25th day of November 1927, and recorded in Assignment Book 3, page 232 of St. Lucie County records, and the plaintiff thereby became the owner and holder of last two said promissory notes and said mortgage deed. The original assignment of mortgage from Hattie E. Chamberlain to the plaintiff being attached to the original declaration filed in this cause and marked 'Exhibit B', and by reference made a part hereof. That the said defendant, E. C. Templeton, partially carried out his agreement to pay the said promissory notes and paid the first of the two promissory notes, which were owned by this plaintiff, and has paid interest on the last of said notes for the sum of $500.00 to January 21st, 1927, but has failed and refused to pay the principal of said note, or any part thereof, or any interest thereon since the 21st day of January, 1927, and no person or persons has paid same or any part thereof for the said defendant, although payment thereof has been demanded of the said defendant at various times and the defendant has refused to pay same, or any part thereof. That the promise of defendant to pay said notes was known to plaintiff at the time it purchased said notes and was the inducement for the purchase of same by plaintiff.''

The declaration then contains an allegation that the defendant is liable for attorney's fees. The facts alleged in

the declaration show that the defendant is not liable for attorney's fees, but the quoted part of the declaration is sufficient to constitute a cause of action for the principal and interest due to the plaintiff on the indebtedness therein referred to.

We may say here that counsel for plaintiff in error are confused when they conceive that there is a conflict in the utterance of this Court in the case of Herrin vs. Abbe, 55 Fla. 769, 46 Sou. 183, from which case two paragraphs are quoted, as follows:

> "Where a deed conveying real estate has been accepted testimony as to the declarations made by the grantee prior to accepting the deed as to the true consideration in the deed, is in general not admissable.
>
> Where a deed of conveyance recites a consideration of one dollar and other valuable consideration is not complete, and the true consideration may be shown by parol."

There is a vast difference between the force and effect of declarations made by a grantee prior to accepting a deed as to the true consideration of the deed on the one hand and the agreement of the grantee at the time of the acceptance of the deed as to what should constitute the consideration for the deed.

The chief principles of law involved in this case have been determined in this jurisdiction by the opinions of this Court in Brownson vs. Hannah, 93 Fla. 223, 111 Sou. 731; Ackley vs. Noggle, 97 Fla. 640, 121 Sou. 882. The difference between the case here under consideration and the case of Ackley vs. Noggle is that in that case the assumption of the indebtedness was stated in the body of the deeds constituting the chain of title from the original mortgagee to the last grantee, defendant in that suit. While, in this case, that consideration was not expressed in the deed. This becomes immaterial.

It was held in Herrin vs. Abbe, supra, that,

"A parol agreement by the grantee, at the time of taking a deed of conveyance to real estate, that he will assume the mortgage indebtedness upon the property as a part of the consideration of the conveyance may be enforced in equity by the mortgagee. Wilson vs. King, 23 N. J. Eq. 150; Wright vs. Briggs, 99 Ind. 563; Lamb v. Tucker, 42 Iowa 118; Jones on Mortgages #741 et seq; Pomeroy's Eq. Jur. 1206."

This enunciation does not limit the right of recovery to be exercised in a court of chancery and the recovery may be had as well in a court of law. Neither is it material that the grantor in the deed to the defendant here was not obligated to pay the debt. This declaration alleges that the agreement to pay the debt which represented a part of the purchase price of the property conveyed and the agreement was made by the grantor with the grantee for the benefit of the original grantor and mortgagee. Sec. 2561 R. G. S., 4201 C. G. L., provides:

"Any civil action at law may be maintained in the name of the real party in interest. This shall not be deemed to authorize the assignment of a thing in action not arising out of contract. An executor, administrator, trustee of an express trust (including a person with whom or in whose name contract is made for the benefit of another, or when expressly authorized by statute), may sue without joining with him the person for whose benefit the action is prosecuted.

By amendment the nominal plaintiff may be stricken out and the case may proceed in the name of the use plaintiff. (Ch. 3241 Acts 1881, #1)."

In Dean vs. Walker, 107 Ill. 540, 47 Am. Repts. 467, it is said:

"It is a familiar rule and one well sustained by authority that where one person, for a valuable consider-

ation, makes a promise to another for the benefit of a third person, such third person may maintain an action upon it. It is not necessary in such a case that there should be any consideration moving from the third person, for whose benefit the promise is made, or that there should be any privity between them. The conveyance of the land is the consideration for the promise, and the fact that the consideration moves from the mortgagor is a matter of no moment. This is well illustrated in Brown vs. Dyer, 7 Cush. 337, where it is said: 'Upon the principle of law long recognized and clearly established, that where one person, for a valuable consideration, engages with another to do some act for the benefit of a third, the latter who would enjoy the benefit of the act, may maintain an action for the breach of such engagement,—that it does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, but upon the broad and more satisfactory basis that the law, operating upon the acts of the parties, creates the duty, establishes a privity and implies the promise and obligation on which the action is founded.''

See also Bradbury vs. Carter, 291 Fed. 363; Title Guaranty & Trust Co. vs. Bushnell, 143 Tenn. 681; McGreggor vs. Eastern Bldg. etc. Association, 99 N. W. 509; Hare vs. Murphy, 64 N. W. 211, 29 L. R. A. 851.

Where a purchaser of land agrees, as a part of the purchase price to be paid, to discharge an existing mortgage on the property he becomes personally liable to the mortgagee therefor. 41 C. J. 744; Granger vs. Roll, 6 S. Dak. 611, 62 N. W. 970; Peoples Savings Bank of Tallahassee, et al., vs. Jordan, 200 Ala. 500, 76 Sou. 442.

The demurrer should have been overruled.

The obligation alleged in the declaration was to pay

616

the debt and did not include an obligation to pay attorney's fees. The allegation in the declaration claiming attorney's fees does not render the declaration subject to demurrer but may be treated as surplusage or may be disposed of on motion.

For the reasons stated, the judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.