LILLIAN L. HARDEE, Plaintiff, *v.* ARCHIE F. KARMAN, Defendant.

Supreme Court, New York County, January 21, 1932.

*Townsend & Kindleberger* [*E. C. Kindleberger* of counsel], for the plaintiff.

*Milton Elias Schattman*, for the defendant.

VALENTE, J. The plaintiff may not recover a money judgment in her own right on the notes owned and held by Bennett, the first mortgagee. By virtue of her subsequent assumption of the notes, the plaintiff became a surety for their payment. Until she has paid the notes as surety she has, however, no right of action against the defendant, a subsequent grantee, on his assumption agreement. (See *Gardner* v. *Friedman*, N. Y. L. J. Nov. 16, 1929 [Mr. Justice CALLAHAN]; affd., without opinion, 228 App. Div. 799.) Nothing to the contrary was held in *Brogan* v. *Ferguson* (101 Fla. 1306; 131 So.

171), or in the same case on reargument (101 Fla. 1306, 1311; 133 So. 317). In that action, brought in Florida, the present plaintiff sued in equity, joining the first mortgagee, Bennett, as a party, and asked that the decree, among other things, direct those defendants who were subsequent grantees to pay the first mortgage to Bennett and discharge the same. On the rehearing the case was characterized by the Florida court as an action to foreclose the plaintiff's second mortgage and to require payment and discharge of the first.

Here the plaintiff sues at law to recover a money judgment for the amount of a mortgage which she does not own or hold, and which she may never pay. It seems clear that such an action may not be maintained.

In so far, however, as the plaintiff seeks to recover upon the second mortgage she is entitled to judgment. By accepting the conveyance to him the defendant assumed and agreed to pay the second mortgage in addition to agreeing to save the grantors harmless in case of any loss or liability by reason of its non-payment. It is true that the language in the deed to the defendant is quite similar to that used in the deed to Allison and Quinn, the defendant's grantors, which the Florida court held amounted only to an agreement to indemnify and not an assumption. (*Brogan* v. *Ferguson*, 101 Fla. 1306; 131 So. 171.) However, on reargument, the court stated that its previous decision was based upon the peculiar circumstances and facts which were involved in the conveyance to Allison and Quinn, and that these took the case out of the general rule that a direct and positive covenant to assume and pay an indebtedness was not impaired by a further covenant to indemnify and save harmless from such indebtedness. The deed to the defendant contains two distinct stipulations, one assuming and agreeing to pay the mortgages, and the other to save the grantors harmless from loss by reason of their non-payment. Under the Florida law the defendant must be deemed to have assumed the payment of the plaintiff's mortgage.

The question whether an agreement of assumption renders the grantee liable where his grantor was not personally liable for the indebtedness assumed is one upon which the authorities are in conflict. (41 C. J. 747, § 813.) The rule in Florida appears to be that the grantee is liable under such an assumption agreement even though his grantor may not be liable for the payment of the indebtedness assumed. (*Enns-Halbe Co.* v. *Templeton*, 101 Fla. 609; 135 So. 135.) The point made by the defendant, that he was not present at the time his grantor signed and acknowledged the deed before the subscribing witnesses, is without merit, and in fact

no attempt is made by the defendant to sustain it. Nor does the assignment by the plaintiff to the Whitney Trust and Savings Bank avail the defendant, that assignment not having been made until long after the commencement of the present action. Section 83 of the Civil Practice Act expressly permits the original plaintiff to continue an action, unless the court otherwise directs, in the case of a transfer of interest subsequent to the commencement of the action. (See *Betts* v. *De Selding,* 81 App. Div. 161; 2 Carmody N. Y. Pr. [1929 ed.] § 790, p. 1447.)

It follows that the plaintiff is entitled to judgment in the sum of $34,500 on the second mortgage notes, together with interest thereon at the rate of eight per cent per annum from April 13, 1925, to January 19, 1932, amounting to $18,675.60, together with $915 representing taxes paid by her, or a total sum of $54,090.60. Twenty days' stay.