Suit to quiet title by S.W. Goolsby against August Swarz and others. The named defendant filed a counterclaim. To review an order dismissing the counterclaim, August Swarz brings certiorari.
Petition for certiorari denied.
The respondent Goolsby, as plaintiff, brought his bill against Stanley Dosik and August Swarz (et al.) to quiet title to certain land. Plaintiff based his claim to title on a tax deed issued in 1944 and a deed from the Everglades Drainage District, issued in 1944.
The petitioner Swarz filed his answer and a counterclaim and the chancellor sustained a motion to dismiss the counterclaim, of which order Swarz petitions reviewal by certiorari.
The counterclaim of Swarz based his title on a deed from Dosik, in 1945, and upon the further ground that he holds tax certificate against said land purchased by him at a sale conducted by authority of the "Murphy Act," Sec. 192.35, F.S. 1941, F.S.A. Swarz further charges in his counterclaim that the Clerk of the Circuit Court erred, by reason of certain facts, in issuing the tax deed to the plaintiff; also that in October, 1943, cross-claimant sought to pay the delinquent taxes on the land in question and that the Clerk of the Court advised that said taxes had been redeemed by the cross-defendant.
Cross-plaintiff's pleadings show that his claim to title is based on a deed from Dosik dated 1945, but it is noted that his application to the Clerk for redemption was at a time prior to the date of Dosik's deed and at a time when the cross-plaintiff held only tax certificates.
Cross-plaintiff offers to do equity and seeks a decree quieting his alleged title against the claim of plaintiff Goolsby.
The matters set forth in the cross-complaint of the petitioner relate and go to the equities of the subject matter presented by plaintiff's bill. A final decree upon the bill and an appropriate answer would determine the equities between the parties if all material matters set forth in the cross-complaint were properly plead in an answer.
Concerning the exercise of equity jurisdiction, this Court has held:
"Court of equity should do justice completely and not by halves, and equity will not enter a partial or incomplete decree.
"Defenses to bill in equity should be fully stated though required by statute to be set out in short and simple terms." *Page 313 
Headnotes 8 and 9 — Schupler v. Eastern Mortgage Co., Fla., 33 So.2d 586.
This Court has also held that:
"When Cross-Bill (or Counterclaim) improper: `Where the matters of the cross-bill are equally available as against the complainant by an answer to the original bill, a cross-bill is unnecessary. Sanderson's Adm'rs v. Sanderson, 17 Fla. 820, 834; 16 Cyc. 327.' Herrin v. Abbe, 55 Fla. 769, 772, 46 So. 183, 184, 18 L.R.A., N.S., 907.
"`This is subject matter of defense to the original suit, and not the proper subject for a cross-bill. Tison v. Tison, 14 Ga. 167; Bullock v. Brown, 20 Ga. 472; Weed v. Smull, 3 Sandf.Ch. [N.Y.], 273; Alston v. Alston, 34 Ala. 15.' Sanderson's Adm'rs v. Sanderson, 17 Fla. 820, 834."
Schupler v. Eastern Mortgage Co., Fla., 33 So.2d 586, 591.
The petition for certiorari is denied.
ADAMS, C.J., and TERRELL, CHAPMAN, SEBRING, and HOBSON, JJ., concur.
THOMAS, J., agrees to conclusion.