**PAULSON ENGINEERING CO., Inc. v. KLAPPER, et al.**

Circuit Court, Dade County, Civil Appeal.

April 18, 1955.

Louis H. Stallman, Meyer, Weiss, Rosen & Rose, Miami Beach, for appellant.

M. R. Mannheimer, Kovner & Mannheimer, Miami Beach, for appellee.

STANLEY MILLEDGE, Circuit Judge.

If the summary judgment is good it must be upon the theory that the defendant expressly promised to pay the obligation. A judgment for the reasonable value of the use of the air conditioners must be founded on proof of reasonable value and this requires a trial.

Since the promise to pay was made by the Ben-Hy Corp., Suzanne Klapper is liable on the promise only if she has promised the plaintiff to pay the debt of Ben-Hy. The statute of frauds renders unenforcible such promises unless in writing. The fact that the defendant took over the possession of the air conditioners in connection with becoming the assignee of the lease to the premises in which the units were used, does not constitute a promise to pay the debt of Ben-Hy. Promises made to Ben-Hy to pay for the use of the units is not a promise to Paulson to do so.

While I think that the statute of frauds is applicable since there is no written promise to answer for the debt of another, this matter is disposed of on a more simple proposition, namely, that there was no promise (in any form) to Paulson. The assignment

164

of the lease and the bailment contract concerning the air conditioners creates no privity between Klapper and Paulson, either of estate or of contract.

If the defendant is liable at all, it is not because of the breach of any promise to pay the stipulated amounts in the bailment contract, but upon a promise raised by law because the defendant used the plaintiff's machinery.

The contract is not conclusive on the value of the use of the units. The defendant is entitled to an opportunity to offer proof that the use of the units was worthless. The question is not before me, so I do not decide the question of liability on an implied promise. I simply decide that if such liability exists, the amount of damages presents an issue of fact to be tried.

The summary judgment is reversed. It is ordered that the case proceed to trial in the court below.