### B & B VENDING CO., Inc. v. CLARK, et ux.

No. 60-2329.

Civil Court of Record, Dade County.

July 29, 1960.

Snyder & Young, North Miami Beach, for plaintiff.

Levy, Leventhal & Goldstein, North Miami Beach, for defendants.

HAL P. DEKLE, Judge.

Can a third party become bound under a written contract not to be performed within the space of one year, executed between his predecessor in business and his predecessor's supplier, though there is no memorandum thereof signed by such party now sought to be charged?

It appears that he can be so held despite the statute of frauds, where — (1) as part of the consideration for sale of the business he agreed (expressly or impliedly) to fulfil such contract, and (2) such agreement to fulfil the contract was made between them for the use and benefit of the supplier.

Such allegations were held sufficient to show an assumption of the obligation of the contract sued upon, which would bind the new owner to perform it at the instance of the supplier, in Jenkins v. City Ice & Fuel Co., 118 Fla. 795, 160 So. 215, at page 217 — "A parole assumption is good in cases of this kind if it was a part of the consideration for the purchase of a business with which the contract was connected, and such parole assumption may be enforced at law. Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 So. 135. See Beitel v. Dobbin (Tex. Civ. App.), 44 S.W. 299."

This seems to be an exception to the statute of frauds on the limited grounds indicated. It would not apply in just any transfer of a business which did not include the supplier's contract as

a part of the consideration, together with an overt undertaking or promise to assume such contract for the use and benefit of the supplier.

The Jenkins case holds that the mere purchase of the business would not alone import liability, nor would the naked assignment of such a contract do so. A stranger to an existing contract may be held to have adopted it as his own if he deliberately enters into relations with one of the parties thereto which are consistent only with an adoption of the contract and leads such party so to believe. 17 C.J.S., Contracts § 4 (p. 317, 320) ; 6 C.J.S., Assignments § 107 (p. 1162). " * * * It is often held that the assignee of a contract who acquires the right to enforce the executory provisions thereof or to recover damages for the breach, impliedly assumes the burdens which are imposed on the assignor by the contract as the consideration for the performance by the other party." 6 C.J.S. Assignments § 107 (p.1162).

Paulson Engineering Co. v. Klapper (Circuit Court, Dade County, Civil Appeal, Milledge, J. 1955), 7 Fla. Supp. 162, is cited as contrary to the holding herein. That opinion, however, expressly states that possible liability on an implied promise was not before the court and was therefore not decided. Judge Milledge in the Klapper case, in referring to the statute of frauds, considers it only in the light of a promise to answer for the debt of another. Such is not the case here because the liability alleged is for the future, not any past debt of the predecessor. 49 Am. Jur., Statute of Frauds § 82 (pp. 438, 439).

It must be realized that the "agreement or promise upon which such action shall be brought", as the statute says, is here the original contract which is, of course, in writing and may incidentally be considered as having been signed by "some other person by him thereunto lawfully authorized", to-wit, the predecessor-vendor whose promise the present vendee now undertakes or ratifies as a part of the consideration for the business which he has purchased and whose signature he therefore adopts. "One who succeeds to all rights of a party to a contract may plead the statute as against the other party, provided his predecessor in interest might have done so, but not otherwise, * * * ". 37 C.J.S., Statute of Frauds § 220 d. (p. 719).

The defendant's predecessor in interest could not have invoked the defense of the statute of frauds because the contract was in writing.

Of course the "parole assumption" mentioned in the Jenkins case will have to be alleged and proved. It will not suffice if the new purchaser was not aware of the contract sought to be enforced, even if his performance happened to come within its terms; neither would it be sufficient where such undertaking was not "as part of the consideration for said sale". Jenkins v. City Ice & Fuel Co., supra.

This may seem a drastic variance from the statute but it is hardly as great as the rule that a purchaser of real estate assuming the mortgage thereon may be held liable, usually for a substantial sum, to the mortgagee who may have had no knowledge of such transfer or assumption, yet can rely thereon (49 Am. Jur., Statute of Frauds § 206 (p. 532)) and may even offer proof by parole. 37 Am. Jur., Mortgages § 1001 (p. 327).

It would seem that plaintiff's contention of part performance would remove the case from the statute but it is not acts of the defendant alone which will constitute a sufficient part performance. It is usually the acts of the plaintiff in reliance upon defendant's promise or acts that constitute the part performance which will serve as an estoppel to an assertion of the statute. 49 Am. Jur., Statute of Frauds § 422 (p.727). Furthermore, the doctrine of part performance does not apply to remove from the operation of the statute contracts which are not to be performed within the space of one year. 49 Am. Jur., Statute of Frauds, § 497 (p.798).

Accordingly, defendants' motion for summary judgment is denied and since there appears to be a factual question in line with the principles herein enunciated, the plaintiff's motion for summary judgment is also denied.

Defendants' motion for summary judgment has been filed before answer, and while this is permissible, where it appears that there may reasonably be facts which can be alleged in an amended complaint, such right of amendment should not be summarily denied by forthwith entry of summary judgment — which can be raised later.

In this case where defendants' motion for summary judgment does not lie, such motion is treated as a motion to dismiss the amended complaint herein which is granted with leave to amend within twenty days from date hereof if plaintiff can amend to come within the requirements set forth, otherwise this cause to stand dismissed.