DANIEL S. PEARSON, Judge.
Allen and Schreiber, the plaintiffs below, appeal from an order dismissing with prejudice their complaint on the ground that their action was one based on an oral agreement to answer for the debt of another and, because not in writing, barred by the statute of frauds. We reverse.
The following are the pertinent allegations of the complaint. The plaintiffs, Allen and Schreiber, and the defendant, Ro-sen, were officers, directors, and shareholders of an incorporated travel business being managed by Rosen. When the company needed to borrow funds, Rosen approached his friend Anita Brulz, who agreed to lend the company money on the condition that the individuals guarantee the loan. Allen, Schreiber, and Rosen agreed with each other that they would guarantee the loan and that, in the event the company defaulted on the note, each would be liable for one-third of the obligation. Allen and Schreiber signed the guaranty and gave the note to Rosen for his signature and delivery to Brulz. Rosen delivered the note to Brulz but without his signature. The company went out of business and defaulted on the note; Brulz sought payment from Allen and Schreiber as guarantors; and, when Rosen refused to pay his share of the obligation, Allen and Schreiber brought the action below.
Rosen relies upon the following provision of the Statute of Frauds, Section 725.01, Florida Statutes (1985):
“No action shall be brought whereby to charge ... the defendant upon any special promise to answer for the debt ... of another person ... unless the agreement or promise upon which such action shall be brought ... shall be in writing and signed by the party to be charged therewith....”
While it is true that Rosen’s agreement with Allen and Schreiber was to answer for the debt of their company, his promise was made to Allen and Schreiber, not, as it must be to come within the statute of frauds, to the creditor, Brulz. 3 W. Jaeger, Williston on Contracts § 460, at 389 (3d ed. 1960); Restatement (Second) of Contracts § 123 (1981) (“A contract to discharge a duty owed by the promisee to a third person is not within the Statute of Frauds as a contract to answer for the duty of another.”); Danby v. Osteopathic Hospital Ass’n, 34 Del.Ch. 172, 101 A.2d 308 (1953), aff'd, 34 Del.Ch. 427, 104 A.2d 903 (1954) (promise by president of association to guarantee bank loan not within statute of frauds where promise made to association, not bank). See also Herrin v. Abbe, 55 Fla. 769, 46 So. 183 (1908). As Professor Corbin tells us:
“To fall within the statute, a promise must be made to a creditor or obligee to whom the third person is then or later becomes under obligation. A promise to a debtor to pay or otherwise answer for his debt or default to a third person is not within the statute. Thus, where Eastwood was indebted to Blackburn on a promissory note, and Kenyon promised Eastwood to pay Blackburn the sum due, Kenyon’s promise was enforceable even though not in writing. Where Davis was indebted to a bank, and Faulkner promised Davis to pay the bank, Faulkner’s promise was not within the statute.”
2 A. Corbin, Corbin on Contracts § 357, at 241-43 (1950) (footnotes omitted).
And, as if with this case in mind:
“Where a number of persons undertake, either jointly or jointly and several *1052 ly, to pay a sum of money to their prom-isee, it is not uncommon for the obligors to agree among themselves as to the particular portion of the whole that each will pay. The promise of one such obli-gor to the others that he will pay his specified share is not required to be in writing.... [T]he promise is made to a debtor and not to a creditor; ...”
2 A. Corbin, Corbin on Contracts § 357, at 246-47 (1950) (footnote omitted).
Therefore, because Rosen’s promise was to the debtors Allen and Schreiber, not the creditor Brulz, it is enforceable even though not in writing, and the plaintiffs complaint states a cognizable cause of action.
Reversed and remanded.