PATTERSON, Judge.
Arthur Magrann appeals from a final judgment for $136,212.70 in favor of the Epes, resulting from a suit on a promissory note. We reverse.
*761 Magrann and Freeman Epes are physicians. In 1984, Magrann purchased Epes’ practice for $65,000. Of that amount, Ma-grann borrowed $55,000 from the Pan American Bank, now known as Sun Bank. The parties allocated $85,000 of the purchase price for furniture, fixtures, and leasehold improvements of the Siesta Key Family Practice premises, $20,000 for patient records and charts, and $10,000 for the goodwill associated with Epes’ medical practice. Ma-grann registered the fictitious name “Siesta Key Family Practice” and employed Epes as an associate physician for the years 1985 through 1987. Magrann also leased the Siesta Key Family Practice premises from Epes.
In November 1987, Magrann and Epes decided to terminate their relationship. They met with Epes’ attorney and reached an agreement, and the elements of the agreement essential to this appeal are that: (a) Epes would pay Magrann $10,000 and cause Magrann to be released from his promissory note to Sun Bank, and (b) Magrann would convey the assets of the Siesta Key Family Practice back to Epes. This agreement was reduced to writing in the form of a letter dated November 9, 1987, directed to Ma-grann and Epes jointly over the signature of Epes’ attorney. Each of them returned a copy to the attorney signed “approved.” Epes then reoccupied the Siesta Key Family Practice premises and resumed his medical practice.
In April 1988, Epes paid what was owed on Magrann’s note to Sun Bank. The note had been secured by the assets of the Siesta Key Family Practice. In August 1988, at the request of the Epes’ attorney, Sun Bank assigned the Magrann note to Freeman and Jane Epes, as husband and wife. The Epes sued Magrann on the note in January 1991.
Magrann asserted twenty-two affirmative defenses which were based on the common claim that he had been released and discharged from the obligation by the' agreement of November 9, 1987, and his subsequent reconveyance of the Siesta Key Family Practice assets to Epes. Magrann also asserted a counterclaim of numerous counts which, among other things, demanded payment of the $10,000 required by the November 9 letter and an accounting for monies which might be owed to him flowing from his associated practice with Epes.
Epes filed a “Denial of Defendant’s Affirmative Defenses” and an answer to the counterclaim, asserting a number of affirmative defenses. The defense that is pertinent to this appeal is that the oral agreement evidenced by the letter of November 9 was unenforceable under section 725.01, Florida Statutes (1987), the statute of frauds.[1]
Epes successfully argued at trial that the agreement was an oral promise to pay the debt of another and that the copy of the letter of November 9 bearing his signature of approval was ineffectual to satisfy the requirements of section 725.01 because it was never delivered to Magrann. The trial court ruled to preclude all evidence of the November agreement; this ruling formed the basis to exclude numerous other items of documentary evidence and testimony vital to both Magrann’s defense and counterclaim. The end result was that the trial court found against Magrann on all issues and defenses and entered a final judgment against him for $136,212.70, which includes principal ($55,-000), prejudgment interest ($58,465), attorney’s fees ($21,455), and costs ($1,292.70).
The trial court relied upon the following portion of section 725.01, Florida Statutes (1987):
No action shall be brought ... whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person ... unless the agreement or promise upon which such action should be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged....
This provision does not apply to the facts of this ease. Epes’ promise to satisfy the Sun Bank note was not made to the creditor, but rather was a direct promise supported by valuable consideration, made directly to Ma-grann, the debtor. As such, the November *762 agreement was not within the purview of the statute of frauds. See Herrin v. Abbe, 55 Fla. 769, 46 So. 183 (1908); Allen v. Rosen, 526 So.2d 1050 (Fla. 3d DCA 1988).
We therefore reverse and remand for a new trial upon all of the issues raised by the pleadings.
Reversed and remanded.
RYDER, A.C.J., and QUINCE, J., concur.

. This issue should have been raised in the form of a reply pursuant to Florida Rule of Civil Procedure 1.140(a)(1), as well as an affirmative defense to the counterclaim.